GRACE WEAVER

*v.*

THE BOARD OF EDUCATION OF THE COUNTY OF CALHOUN *et al.*

(No. 9661)

Submitted September 26, 1945. Decided October 16, 1945.

*Lorentz C. Hamilton,* for plaintiff in error.
*Bruce Ferrell,* for defendant in error.

LOVINS, PRESIDENT:

The Circuit Court of Calhoun County awarded a peremptory writ of mandamus on the petition of Grace Weaver, which commanded The Board of Education of the County of Calhoun and the county superintendent of that county to recognize relator as a teacher in the Grantsville Graded School for the school term 1944-1945, and to permit relator to carry out the terms of the continuing contract entered into by relator with said board.

The material facts, as alleged in the petition, are: Relator is the holder of a life certificate as a teacher in the public schools of this State, under which she as taught thirteen terms of school. She was assigned to teach in the graded school at Grantsville in the year 1942, and taught therein for the 1942-43 and 1943-44 terms. At a meeting of the board held on August 2, 1944, at which the superintendent was present, relator was assigned to teach in the school at Prosperity. She now alleges that she was transferred from the Grantsville Graded School to the Prosperity school. Relator resides in Grantsville and the school to which she was assigned in 1944 is some distance from her residence, and owing to the difficulty and expense of transportation relator alleges that she would not be justified in teaching at the Prosperity school. It is alleged that the action of the board in assigning her to teach at the Prosperity school was not taken as a regulatory measure or to meet an emergency, and that said assignment was arbitrarily and capriciously made by said board. Other facts and conclusions alleged in the petition are not material.

Upon the filing of the petition a rule was awarded, returnable on the 24th day of August, 1944. The board demurred to the petition, and assigned several grounds for the demurrer. Most of the reasons assigned in said demurrer go to formal defects in the petition, which in our view require no discussion. Two grounds of the demurrer are determinative of the rights of relator and in

substance are: (1) That relator was not assigned to teach in the Grantsville Graded School and (2) that no contract between relator and the board of education is pleaded. The court overruled the demurrer and ordered the board and the superintendent to file their answers or to make such other defense in this proceeding as they might desire, on the 26th day of August, 1944. Respondents made no further defense and on August 26, 1944, without hearing any evidence the court awarded the peremptory writ. The board and the superintendent prosecute this writ of error, assigning two errors: (a) The action of the court in overruling the demurrer to the petition, and (b) awarding the peremptory writ without evidence to sustain the allegations of the petition.

Relator contends that a petition in a proceeding in mandamus is not demurrable. It was formerly held that a petition in mandamus was not a pleading, and that its sufficiency could not be tested by a demurrer. *Fisher* v. *City of Charleston*, 17, W.Va. 595; *State* v. *Heatherly*, 102 W.Va. 116, 118, 134 S.E. 594. Since the decisions in the *Fisher* and *Heatherly* cases significant statutory changes have been made in proceedings in mandamus. It is now provided by statute that a defendant in a proceeding in mandamus may make defense by demurrer or sworn answer to the petition, or both. Chapter 26, Acts of the Legislature, Regular Session, 1933.

The question of assignment of teachers to specific schools was before this Court in the cases of *Neal* v. *Board*, 116 W.Va. 435, 181 S.E. 541; *White* v. *Board*, 117 W.Va. 114, 184 S.E. 264; *Rowan* v. *Board*, 125 W.Va. 406, 24 S.E. 2d 583. In the *Rowan* case it was held that: "The holder of a 'Teacher's Continuing Contract of Employment', provided for in Section 1, Chapter 53, Acts of the Legislature, 1939, who is by the Board of Education legally assigned to teach in a particular school, may not, without his consent, be transferred to another school, without a showing that such transfer is

of a clearly regulatory nature, or to meet an emergency." It appears in the *Neal, White* and *Rowan* cases that the complaining teachers had been *assigned* to teach in a particular school, and that the attempted *transfers* by the board of education in each instance ignored or revoked such assignments. A specific date for appointment of teachers by the board is fixed by statute. Section 4, Article V, Chapter 8, Acts of the Legislature, First Extraordinary Session, 1933. There is no allegation in the petition that the board appointed relator on the first Monday in May, 1944, as provided by statute. A county superintendent of schools is given authority to "assign, transfer, suspend, promote, or dismiss teachers * * * subject only to the approval of the board." Section 10.(3), Article 4, Chapter 33, Acts of the Legislature, 1941. No allegation or showing is made that the county superintendent assigned relator to teach in the Grantsville Graded School for the school year 1944-1945.

The Legislature has vested in the county boards of education and the county superintendents of schools, power and authority to make annual assignments of teachers to designated schools. This Court has no power to control the exercise of the powers so conferred so long as they are exercised in good faith for the benefit of the school system and without arbitrary or capricious action.

Relator alleges that she signed a contract with the board which is in the form approved by the State Superintendent of Schools, and that it is a continuing contract. The original of the contract was not exhibited with the petition, but was produced at the bar of this Court on argument by consent of the parties hereto. Furthermore, in a mandamus proceeding a peremptory writ is awarded according to the law and the facts of the case. Section 4, Chapter 26, Acts of the Legislature, 1933. The contract signed by the relator contains the following pertinent provisions: "(a) The services to be performed hereunder by the party of the second part are to commence on the 7th day of September, 1942, and are

to be performed in such school or schools, and at such place or places as may be designated by the party of the first part. * * * (m) That in the construction and operation of this contract as a continuing contract of employment, the party of the second part [in this case the relator] may, from year to year, or from time to time, be assigned to other and different positions in the same school, or to other and different positions in other and different schools, and that, in any such event, the salary of the party of the second part may be increased or decreased, in accordance with changes in the kind of position or changes in the kind of duties." The provisions of the contract above set forth militate against the right here asserted by relator in the absence of an allegation that she has been assigned to a designated school as provided by statute. The rule to be deduced from the decided cases and the statutes herein adverted to is that a teacher may be assigned to a designated school by the county superintendent and board of education prior to the commencement of the school year, and that when so assigned may not be removed from teaching in such school until the next annual assignment, where there is no necessity for such action as a regulatory measure and no emergency exists. But the applicable statutes and the continuing contract prescribed by the state superintendent confers no right on a teacher to compel the board and the county superintendent to reassign a teacher to a school in which he has taught the previous school term, or to any other particular school of the county.

It is our opinion that the petition of the relator herein fails to show a clear legal right to the relief she seeks and that the demurrer to her petition should have been sustained. It is unnecessary to discuss the second assignment of error.

For the foregoing reasons the judgment of the Circuit Court of Calhoun County is reversed and the case remanded.

*Reversed and remanded.*