MASON COUNTY BOARD OF EDUCATION, *et al.*

*v.*

STATE SUPT. OF SCHOOLS, *et al.*,

BRIGHT MCCAUSLAND

(No. 14672)

Decided September 23, 1980.

*Charles H. Damron* for appellant.

*Davis & Nesius, John J. Nesius,* for appellees.

MCGRAW, JUSTICE

The central issue in this case is whether the Board of Education of Mason County erred in dismissing the appellant, Bright McCausland, as principal of a high school without first affording him an improvement period and other rights prescribed by § 5300(6)(a) of the *Policies, Rules and Regulations* of the West Virginia Board of Education. After carefully reviewing the record we conclude that the Board did err, and we reverse the decision of the Circuit Court of Kanawha County upholding the Board's action.

On August 18, 1973, the Mason County Board of Education formally initiated proceedings to dismiss the appellant as principal of Hannan High School. The Board's action was taken after two citizens of the school district filed complaints alleging that the appellant was incompetent and that he had willfully neglected his duties as school principal.

After service of proper notice on the appellant, a hearing was held in the matter on September 1, 1973. At that hearing several teachers and school employees gave evidence in support of the charges. The county superinten-

dent of schools, the only person in a supervisory capacity who testified, stated that his evaluations of the appellant had been favorable and that the appellant had carried out the administration's policies at the high school.

At the conclusion of the hearing the Board found that there was sufficient evidence of seven incidents of incompetence, willful neglect of duty, and intemperance to justify the appellant's dismissal.[1] The Board then, without affording the appellant an opportunity to improve his job performance, declared its three-year contract with him void.

The Board's action ignored two requirements of § 5300(6)(a) of the *Policies, Rules, and Regulations* of the West Virginia Board of Education. That section stipulates that a decision to terminate the employment of a

---

[1] The Board found that:

1. The appellant had willfully failed to provide an effective discipline policy at Hannan High School and that he was not equipped to handle the discipline problem that existed at Hannan during the 1972-1973 school term.

2. The appellant had exhibited intemperate conduct toward students and teachers at Hannan High School during the 1972-1973 school term. On occasion he had directed profane language at students and teachers.

3. On occasion the appellant had entered classrooms where classes were in session and slept, in the presence of teachers and students, during the 1972-1973 school term. He also slept in other areas of the school.

4. The appellant had willfully refused to evaluate properly the teachers at Hannan High School during the 1972-1973 school term and had advised teachers at the school that the evaluations were purely a social matter and had nothing to do with their teaching ability.

5. He had willfully refused to follow the grievance procedure promulgated by the Board of Education and had misrepresented the function of the grievance procedure to the teachers at the high school.

6. The appellant's attitude toward the students of the high school was not one of a competent educator.

7. The appellant had willfully failed or had not been competent to perform many of his duties as principal of the high school during the 1972-1973 school term.

school employee should be based on an evaluation of his job performance, and not upon factors extraneous thereto. Since the testimony of the county superintendent of schools, the only supervisory person who testified, was favorable to the appellant, it is obvious that the Board's decision was not based upon his evaluation of the appellant's performance. Also, it is clear that because the dismissal occurred immediately after the hearing the appellant was not afforded an improvement period as required by § 5300(6)(a).[2]

Pursuant to the provisions of *W.Va. Code* 18A-2-8 [1969], Mr. McCausland appealed to the State Superintendent of Schools. In addition to challenging the sufficiency of the evidence, he took the position that § 5300(6) (a) permitted the Board to dismiss an employee only upon a complaint originating within the school system and that the Board could not dismiss him on complaints filed by citizens. The State Superintendent, after reviewing the record of the case, concluded that there was no competent evidence to support the holding that the appellant was guilty of intemperance or cruelty. He further found that the charges of willful neglect of duty were brought by inhabitants of the school district, rather than by the appellant's supervisor, and that they

---

[2] West Virginia Board of Education Policy No. 5300(6)(a), which was in effect in Mason County at the time of the appellant's dismissal, provides:

(a) Every employee is entitled to know how well he is performing his job, and should be offered the opportunity of open and honest evaluation of his performance on a regular basis. Any decision concerning promotion, demotion, transfer or termination of employment should be based upon such evaluation, and not upon factors extraneous thereto. Every employee is entitled to the opportunity of improving his job performance prior to the termination or transferring of his services, and can only do so with assistance of regular evaluation.

We recognized in *Trimboli v. Board of Education of Wayne County*, 163 W.Va. 1, 254 S.E.2d 561 (1979), that the evaluation referred to in this section is a supervisory evaluation; that is, one made by a supervisor of the employee.

were thus not properly before the School Board. He ordered that the appellant be reinstated with back pay and interest.

Upon receiving the decision of the State Superintendent of Schools, the Board of Education, on May 10, 1974, petitioned the Circuit Court of Kanawha County for a writ of certiorari. After reviewing the petition the Circuit Court on August 1, 1975, ruled that the Board of Education lacked standing to seek judicial review of the State Superintendent's decision. The Board appealed the Circuit Court's ruling to this Court, and we, in *Mason County Board of Education v. State Superintendent of Schools*, 160 W.Va. 348, 234 S.E.2d 321 (1977), declared that a county board of education does have standing to obtain judicial review by writ of certiorari of an order of the State Superintendent of Schools requiring the reinstatement of an employee dismissed by the county board. We remanded the case to the Circuit Court for its further consideration.

Upon remand, after reviewing the record made before the Board, the Circuit Court of Kanawha County concluded that despite the provisions of § 5300(6) (a), *W.Va. Code* 18A-2-8 [1969] clearly empowered a board of education to dismiss a school employee. The circuit judge rejected the appellant's contention, adopted by the State Superintendent, that the Board could not properly dismiss him on matters brought to the Board's attention by citizens. He also reviewed the evidence in the case and concluded that it supported the finding that the appellant was guilty of willful neglect of duty, intemperance and cruelty. He reinstated Mr. McCausland's dismissal.

In his present appeal from the ruling of the Circuit Court the appellant contends that the decisions of the School Board and the Circuit Court, denying him the benefit of § 5300(6)(a) of the *Policies, Rules and Regulations* of the West Virginia Board of Education, are inconsistent with our holding in *Trimboli v. Board of Education of the County* of Wayne, 163 W.Va. 1, 254 S.E.2d 561

(1979).[3] He also contends that the decisions are contrary to the evidence adduced in the case.

In *Trimboli, supra,* we examined § 5300(6)(a) as it applied in a proceeding for the dismissal of an employee who was charged with being administratively and professionally incompetent. We concluded that § 5300(6)(a) extended two rights not elsewhere afforded such an employee. It entitled him to an evaluation by supervisory personnel, and it entitled him to an opportunity to improve his administrative or professional conduct. We held:

> [f]ailure by any board of education to follow the evaluation procedure in West Virginia Board of Education Policy No. 5300(6)(a) prohibits such board from discharging, demoting, or transferring an employee for reasons having to do with prior misconduct or incompetency that has not been called to the attention of the employee through evaluation, and which is correctable. Syl. pt. 3, *Trimboli v. Board of Education of the County of Wayne, supra.*

The rulings of the Board of Education and the Circuit Court in the case before us raise the question of whether, even in view of the language of *Trimboli, supra,* a board of education must base its decision to dismiss upon a supervisory evaluation of an employee and must afford him an improvement period when *W.Va. Code* 18A-2-8 [1969] clearly provides "[n]otwithstanding any other provision of law, a board may suspend or dismiss any person in its employment at any time for: Immoral-

---

[3] The appellee Board of Education argues that the applicability of § 5300(6) (a) was not considered and decided by the court below and that it should not, therefore, be considered on appeal. Both the State Superintendent and the circuit court addressed the question of whether the appellant could be dismissed on complaints originating with private citizens. Likewise, in addressing the question of whether the evidence supported the charges, both determined that he could be dismissed on evidence other than that derived from a suspensory evaluation. Although they did not openly rule upon § 5300(6)(a), they considered issues integrally connected with its applicability.

ity, incompetence, cruelty, insubordination, intemperance, or wilful neglect of duty . . . ."

In *Beverlin v. Board of Education of Lewis County*, 158 W.Va. 1067, 216 S.E.2d 554 (1975), we reviewed *W.Va. Code* 18A-2-18 [1969], and we concluded that although it granted a board of education broad powers in dismissing an employee, it did not authorize a board to act arbitrarily or capriciously. We said, "[t]he authority of the county board of education to dismiss a teacher under *W.Va. Code* 1931, 18A-2-8, as amended, must be based upon the just causes listed therein and must be exercised reasonably, not arbitrary and capriciously." Syl. pt. 3, *Beverlin v. Board of Education of Lewis County*, *supra.*

With regard to problems involving the professional and administrative competency of school employees we have said,

> [t]he law does not contemplate that the members of a board of education shall supervise the professional work of teachers, principals and superintendents. They are not teachers, and ordinarily not qualified to be such. Generally they do not possess qualifications to pass upon methods of instruction and discipline. The law clearly contemplates that professionally trained teachers, principals and superintendents shall have exclusive control of these matters." *Rogers v. Board of Education*, 125 W.Va. 579, 588, 25 S.E.2d 537 (1943); *cf. Green v. Board of Education*, 133 W.Va. 356, 56 S.E.2d 100 (1949).

Because they do not generally possess the qualifications to evaluate professional competency, it is improper for a school board to dismiss an employee for incompetency without an evaluation by someone qualified to render an opinion on such a question. It is evident from the wording of § 5300 that it is designed to insure that an employee is dismissed for incompetency only after he has been evaluated by someone qualified to make such an evaluation.

Our holding in *Trimboli, supra,* requires that a dismissal of school personnel be based on a § 5300(6)(a) evaluation after the employee is afforded an improvement period. It states that a board must follow the § 5300(6)(a) procedures if the circumstances forming the basis for suspension or discharge are "correctable." The factor triggering the application of the evaluation procedure and correction period is "correctable" conduct. What is "correctable" conduct does not lend itself to an exact definition but must, in view of the nature of the conduct examined in *Trimboli, supra,* and in *Rogers, supra,* be understood to mean an offense or conduct which affects professional competency.

Accordingly, we hold that the procedures specified in West Virginia Board of Education Policy No. 5300(6)(a) must be followed in every proceeding under *W.Va. Code* 18-A-8 [1969] for the dismissal of a school employee on the ground of incompetency.

While § 5300(6)(a) does not proscribe discharge for irremediable conduct, we note that it is not the label given to conduct which determines whether § 5300(6)(a) procedures must be followed but whether the conduct complained of involves professional incompetency and whether it directly and substantially affects the morals, safety, and health of the system in a permanent, noncorrectable manner.

Despite the labels given to the appellant's conduct here, the charges against him were clearly with the purview of § 5300(6)(a) matters. In failing to follow the procedures established by § 5300(6)(a) the Board erred.

This case also presents the question of whether an employee of a school system may be dismissed upon a complaint initiated by a citizen outside the school system. The answer is clearly yes. Suggestions otherwise are inconsonant with Article II, section 2 and Article III, section 2, of our constitution, both of which mandate accountability to the citizenry by all offficers and employees of the body politic in this State.

The purpose of Section 5300 is to place the evaluations of competency of professional and administrative school personnel in the hands of professionals where, if the complaint if found to be meritorious, the person charged is notified and afforded an improvement period to correct the problem before final action. In this manner, the Board of Education can then proceed in a proper, enlightened manner in the making of its final decision. This procedure does not in any way circumscribe the filing or initiating of a complaint by any interested citizen. We therefore conclude that a county board of education may receive complaints against any school employee from citizens and that the board should act upon these complaints, order an evaluation, and discharge an employee if an improvement period proves to be in vain.

The judgment of the Circuit Court of Kanawha County is, therefore, reversed, and it is ordered that the appellant be reinstated to his position with back pay.

*Reversed.*

NEELY, JUSTICE, *dissenting:*

I dissent for the reasons set forth in my dissenting opinions in *Beverlin v. Board of Education,* 158 W.Va. 1067, 216 S.E.2d 554, 559 (1975); *Fox v. Board of Education of Doddridge County,* 160 W.Va. 668, 236 S.E.2d 243 (1977); *Powell v. Brown,* 160 W.Va. 723, 238 S.E.2d 220 (1977); and *Trimboli v. Board of Education of County of Wayne,* 163 W.Va. 1, 254 S.E.2d 561 (1979).