280 S.E.2d 686 (1981)
Don TRIMBOLI
v.
BOARD OF EDUCATION OF WAYNE COUNTY.
No. 14713.
Supreme Court of Appeals of West Virginia.
July 17, 1981.
Rehearing Denied July 29, 1981.
*687 Greene, Katchum, Mills, Bailey & Tweel and Menis E. Ketchum, Huntington, for appellant.
John L. MacCorkle, Charleston, for appellee.
PER CURIAM:
The Wayne County Board of Education appeals a judgment of the Circuit Court of Wayne County reinstating Don Trimboli to his former position as Director of Federal Programs for the county schools. We affirm *688 the judgment of the trial court reinstating Trimboli. We believe the trial court reached the right result, though its analysis was faulty.
This is not the first time this dispute has been before this Court. In Trimboli v. Board of Education of the County of Wayne, W.Va., 254 S.E.2d 561 (1979), we held that a county board of education cannot discharge, demote or transfer an employee for reasons having to do with prior misconduct or incompetency unless the county board has followed state board policy. Specifically, we held:
"Failure by any board of education to follow the evaluation procedure in West Virginia Board of Education Policy No. 5300(6)(a) prohibits such board from discharging, demoting or transferring an employee for reasons having to do with prior misconduct or incompetency that has not been called to the attention of the employee through evaluation, and which is correctable." Syl. pt. 3, Trimboli, supra.

Because there was no evidence as to whether Trimboli had been evaluated and given an opportunity to improve, we remanded the case to the Circuit Court of Wayne County "to determine whether the Board of Education had complied with Rule 5300(6)(a)." Id., 254 S.E.2d 568. Following an evidentiary hearing on remand, the trial court, interpreting our pronouncement in Trimboli, concluded that employee evaluations could not be performed by the county superintendent and that only the board of education itself could conduct such evaluations. The trial court found that one of the underlying reasons for Trimboli's transfer to a teaching position was alleged incompetence, and because the board of education itself had not evaluated Trimboli under Rule 5300(6)(a) his transfer was improper.
We conclude that the trial court misinterpreted Trimboli and reached an incorrect legal conclusion as to who must perform employee evaluations. Evaluations of competency and performance can be conducted by the county superintendent or anyone else in a position of authority who is qualified to make such evaluations. As we said recently in Mason County Board of Education v. State Superintendent of Schools, W.Va., 274 S.E.2d 435 (1980), quoting, Rogers v. Board of Education, 125 W.Va. 579, 588, 25 S.E.2d 537, 542 (1943):
"The law does not contemplate that the members of a board of education shall supervise the professional work of teachers, principals and superintendents. They are not teachers, and ordinarily not qualified to be such. Generally they do not possess qualifications to pass upon methods of instruction and discipline. The law clearly contemplates that professionally trained teachers, principals and superintendents shall have exclusive control of these matters."
The Court in Mason elaborated further:
"Because they do not generally possess the qualifications to evaluate professional competency, it is improper for a school board to dismiss an employee for incompetency without an evaluation by someone qualified to render an opinion on such a question. It is evident from the wording of § 5300 that it is designed to insure that an employee is dismissed for incompetency only after he has been evaluated by someone qualified to make such an evaluation." Id., 274 S.E.2d at 439.
Because the trial court misread Trimboli, it did not make any findings as to whether Trimboli's performance had been evaluated and an improvement period afforded. Rather than remand the case back to the circuit court, since the case was heard without a jury and we have the record of the testimony, judicial economy dictates a final resolution of this issue.
Trimboli testified in the remand hearing that he never received an evaluation of his job performance and that he could not recall ever receiving any criticisms, written or otherwise, as to how he could better perform his duties. He testified that he did not recall that his immediate supervisor, Superintendent Napier, had ever spoken to him about the need or necessity for him to submit certain technical reports at an earlier *689 time in the school year. Superintendent Napier testified that he had spoken with Trimboli in 1975 and 1976 about submitting these reports earlier in the school year, but that Trimboli failed to make these reports at an earlier date as requested. Napier admitted on cross-examination that he at no time ever told Trimboli that he was evaluating his performance, and that he did not explain to him in so many words that he expected Trimboli to improve his job performance.
We are of the opinion that the Board of Education did not establish compliance with Rule 5300(6)(a). While the evidence would support a finding that the superintendent and Trimboli discussed the need to prepare certain reports at an earlier time during the school year, it does not support a finding that the superintendent ever put Trimboli on notice that he was being evaluated, that his performance was unsatisfactory, and that unless he performed his job differently he would be subject to adverse personnel action. In these circumstances we are unable to find that Trimboli was evaluated and given an opportunity to improve his job performance prior to transfer in compliance with the requirements of Rule 5300(6)(a).
For the reasons previously set forth, the judgment of the trial court is affirmed.
Affirmed.