327 S.E.2d 155

**Margaret HOLLAND, Garnette Alexander, Donna Ramsey, and Carolyn Webster**

v.

**The BOARD OF EDUCATION OF RALEIGH COUNTY, a statutory corporation, and William Baker, Superintendent of Schools.**

**No. 16079.**

Supreme Court of Appeals of West Virginia.

March 1, 1985.

Lee H. Adler, Beckley, Jacqueline A. Kinnaman, W.V.E.A., Charleston, for appellants.

E. Elton Byron, Jr., Sparacino, Byron & Abrams, Beckley, for appellees.

PER CURIAM:

The appellants, Margaret Holland, Garnette Alexander, Donna Ramsey, and Carolyn Webster, former teachers at Sylvia Elementary in Raleigh County, appeal from a final order of the Circuit Court of Raleigh County, affirming their transfer by the Raleigh County Board of Education following their complaints to Raleigh County Superintendent of Schools, William Baker, of misconduct on the part of Sylvia Elementary principal, Dewey Bone, Jr. The primary issue on appeal is whether these transfers were administrative or disciplinary. After a careful examination of the record, we conclude that the transfers were disciplinary in nature, and that insufficient evidence was presented to support these transfers. Therefore, we reverse the final order of the Circuit Court of Raleigh County, and remand the case with directions that the appellants be reinstated to their former positions at Sylvia Elementary if they so desire.

On December 18, 1981, the appellants filed a formal grievance against their principal with the superintendent. Following refusals by the superintendent and the Board to hear this grievance, the appellants sought and obtained an order from the Circuit Court of Raleigh County directing that this grievance be heard. Unfortunately, prior to resolution of this grievance, which might have settled the differences between the appellants and their principal, the appellants received notice, on March 31, 1982, that they were being considered for transfer because "[t]he situation at Sylvia Elementary School has gotten to the point that it is adversely affecting the learning environment for students there. Changes have to be made if the climate at the school and in the community is to return to normal."

On June 21 and 23, 1982, transfer hearings were held by the Board. The superintendent summarized his position by stating at the hearings that, "The four teachers that we're talking about here I think have been insubordinate, and the climate at school can only improve by transferring them to other schools." The appellants, on the other hand, maintained that their actions were justifiably related to their grievance against their principal. On July 6, 1982, the Board, issuing no written decision, approved the superintendent's recommendation of transfer. On September 7, 1983, the Circuit Court of Raleigh County issued a final order, incorporating an earlier letter of memorandum, affirming the Board's decision.

Teacher transfers in this State may be either administrative or disciplinary in nature. Under West Virginia Code § 18A-2-7 (1984 Replacement Vol.), "The superintendent, subject only to approval of the board, shall have authority to ... transfer ... school personnel...." In *State ex rel. Hawkins v. Tyler County Board of Education,* 166 W.Va. 363, 275 S.E.2d 908, 911–12 (1980), we recognized that:

This provision vests great discretion in the county superintendent and the county board of education to transfer and assign teachers to designated schools and this Court will not interfere with the exercise of that discretion where such action is taken in good faith for the benefit of the school system and is not arbitrary. *Bates v. Board of Education of Mineral County,* 133 W.Va. 225, 55 S.E.2d 777 (1949); *Weaver v. Board of Education of Calhoun County,* 128 W.Va. 42, 35 S.E.2d 679 (1945). Teachers have no vested right to be assigned to any particular school in the county. *Weaver, supra.* However, the power of

the county superintendent must be exercised in a reasonable manner and in the best interests of the schools. Arbitrary and capricious use of the power will not be permitted. *Beverlin v. Board of Education of Lewis County*, [158] W.Va. [1067], 216 S.E.2d 554 (1975); *Neal v. Board of Education of Putnam County*, 116 W.Va. 435, 181 S.E. 541 (1935).

■ Greater protections, however, are granted teachers in the disciplinary transfer context under West Virginia Board of Education Policy No. 5300(6)(a), which provides that:

Every employee is entitled to know how well he is performing his job, and should be offered the opportunity of open and honest evaluation of his performance on a regular basis. Any decision concerning ... transfer ... should be based upon such evaluation, and not upon factors extraneous thereto. Every employee is entitled to the opportunity of improving his job performance prior to the ... transferring of his services, and can only do so with assistance of regular evaluation.

Consequently, as this Court stated in Syllabus Point 3 of *Trimboli v. Board of Education*, 163 W.Va. 1, 254 S.E.2d 561 (1979):

Failure by any board of education to follow the evaluation procedure in West Virginia Board of Education Policy No. 5300(6)(a) prohibits such board from discharging, demoting or transferring an employee for reasons having to do with prior misconduct or incompetency that has not been called to the attention of the employee through evaluation, and which is correctable.

*See also* Syl. pt. 1, *Lipan v. Board of Education*, 170 W.Va. 553, 295 S.E.2d 44 (1982); Syl. pt. 3, *Wilt v. Flanigan*, 170 W.Va. 385, 294 S.E.2d 189 (1982); Syl. pt. 1, *Trimboli v. Board of Education*, 167 W.Va. 792, 280 S.E.2d 686 (1981); *State ex rel. Hawkins v. Tyler County Board of Education*, 166 W.Va. at —, 275 S.E.2d at 916; Syl. pt. 1, *Mason, County Board of Education v. State Superintendent of Schools*, 165 W.Va. 732, 274 S.E.2d 435 (1980); *Powell v. Brown*, 160 W.Va. 723, 726–28, 238 S.E.2d 220, 222 (1977).

■ Clearly, a charge of "insubordination" is a charge of prior misconduct. Therefore, Policy No. 5300(6)(a), as construed by this Court in Syllabus Point 3 of *Trimboli*, should have been followed. As we noted in Syllabus Point 4 of *Mason County Board of Education v. State Superintendent of Schools, supra*, it is the conduct forming the basis for action and not the label placed on such action that is determinative. The superintendent admitted several times at the transfer hearings before the Board that Policy No. 5300(6)(a) was applicable, but he maintained that its observance was the responsibility of the Board. The appellants' motion before the Board to follow the procedures under Policy No. 5300(6)(a), however, was denied, and the circuit court, in applying the arbitrary and capricious standard of *Hawkins*, also implicitly rejected the applicability of Policy No. 5300(6)(a).

Basically, there are two additional protections afforded in the disciplinary transfer context under Policy No. 5300(6)(a) that are not applicable in the administrative transfer context. First, disciplinary transfers may be based solely upon regular performance evaluations. Second, before a disciplinary transfer may take effect, the teacher to be transferred must be given the opportunity to improve his or her substandard performance.

It is uncontroverted in the instant proceeding that the appellants' performance evaluations were not the basis for transfer. In fact, all of the appellants had received excellent evaluations by their principal. The only testimony with respect to the appellants' alleged insubordination centered on their activities with respect to their grievance against their principal. These activities, however, involving communications with parents and other teachers, took place during nonschool hours. Although the atmosphere at the school was unquestionably tense as the result of the appellants' grievance against their principal, particularly after the problems at the school caught the attention of the local media, there were no allegations of direct insubordination. Furthermore, the appel-

lants were not granted an improvement period within which they could demonstrate a willingness to cooperate with their principal.

The transfers in this proceeding undeniably smack with retaliatory motive. Such motivation is not uncommon in the educational employment context. For example, in *Wilt v. Flanigan*, 170 W.Va. at 391, 294 S.E.2d at 195, this Court discounted a teacher evaluation performed by a principal against whom a grievance had been filed one day prior to such evaluation by the teacher being evaluated. The West Virginia Board of Education has recognized the potential for retaliation in the grievance context, and has promulgated Policy No. 5301(III)(I), which provides that, "No reprisals of any kind shall be taken by the board of education or by any member of the administration against any aggrieved employee, any representative, any member of the association, or any other participant in the grievance procedure by reason of such participation."

After initially refusing to follow the grievance procedure in the appellants' complaint against their principal, the superintendent and the Board avoided the grievance procedure, sidestepping the circuit court's order, by turning the tables on the appellants, requiring *them* to justify their actions in prosecuting the grievance. This maneuver violated both Policy No. 5300(6)(a), by omitting reference to the performance evaluations, and Policy No. 5301(III)(I), by resulting from the appellants' filing of a grievance against their principal.

The judgment of the Circuit Court of Raleigh County is, therefore, reversed, and the case remanded with directions that the appellants be reinstated to their former positions at Sylvia Elementary if they so desire.

Reversed and remanded.