346 S.E.2d 798

**Danny HOSAFLOOK**

**v.**

**Edwin M. NESTOR, Superintendent of Schools of the Board of Education of the County of Upshur, and the Board of Education of the County of Upshur, a Statutory Corporation.**

**No. 17051.**

Supreme Court of Appeals
of West Virginia.

July 8, 1986.

Alexander M. Ross, P.A., Upshur County Courthouse, Buckhannon, for appellants.

Terry D. Reed, Hymes & Coonts, Buckhannon, for appellee.

PER CURIAM:

This is an appeal by Danny Hosaflook from a final order entered in the Circuit Court of Upshur County. The circuit court granted a writ of certiorari and reversed a ruling of the State Superintendent of Schools who had found that the Board of

Education of Upshur County denied Hosaflook certain procedural rights when it voted to transfer him from the position of teacher/head football coach/head physical conditioning coach to the position of teacher. The circuit court reinstated the board's decision to transfer Hosaflook. For the reasons appearing below, we reverse the order of the circuit court and reinstate the ruling of the State Superintendent.

## I

The appellant, Danny Hosaflook, is a tenured teacher at Buckhannon-Upshur High School in Upshur County. He has taught driver education at the high school since 1977. He previously taught at Buckhannon-Upshur Junior High School. Beginning in 1981, Hosaflook took on extracurricular duties as head football coach and head physical conditioning coach.[1] In accordance with *W. Va. Code*, 18A–4–16 [1982],[2] he entered into an employment contract separate from the contract for his regular teaching assignment.

By letter, dated December 18, 1984, the Superintendent of Schools of Upshur County, Edwin M. Nestor, informed Hosaflook that Nestor intended to recommend to the Board of Education that he be transferred from his position of teacher/head football coach/head physical conditioning coach at Buckhannon-Upshur High School to the position of teacher, at the same school, for the 1985–86 academic year. The county superintendent also informed Hosaflook that a hearing on the proposed transfer would be scheduled and that Hosaflook had the option of having the hearing open to the public or held in executive session. A statement of reasons was appended to the letter.[3] The action of the county superintendent followed a series of five board of education meetings held after the end of the 1984 football season.

A two-day hearing was held in January, 1985. At the request of the appellant, it was closed to the public. After hearing the testimony, the board voted 4 to 1 to approve the superintendent's recommendation not to renew the appellant's coaching contract.

On Hosaflook's appeal, the state superintendent specifically found that no written evaluations, in accordance with State School Board Policy 5300(6)(a) were made.

---

**1.** The record shows that prior to becoming head coach, Hosaflook was head freshman football coach at the high school for four years and assistant football coach at the junior high school for two years.

**2.** *West Virginia Code,* 18A–4–16 [1982], provides:
(1) The assignment of teachers and service personnel to extracurricular assignments shall be made only by mutual agreement of the employee and the superintendent, or designated representative, subject to board approval.
(2) The employee and the superintendent, or a designated representative, subject to board approval, shall mutually agree upon the maximum number of hours of extracurricular assignment in each school year for each extracurricular assignment.
(3) The terms and conditions of the agreement between the employee and the board of education shall be in writing and signed by both parties.
(4) An employee's contract of employment shall be separate from the extracurricular assignment agreement provided for in this section and shall not be conditioned upon the employee's acceptance or continuance of any extracurricular assignment proposed by the superintendent, a designated representative, or the board.

**3.** The reasons given for the proposed transfer were as follows:
1. Loss of credibility and respect with many players resulting in probable decline in participation.
2. Three losing seasons out of past four.
3. Loss of public support.
4. Program revenue has declined by $13,262 as compared with that of 1982–83 season in spite of outstanding facilities which were available for use for the first time this year plus a home schedule this year that would normally assure good attendance.
5. Lack of ability to communicate effectively with players to motivate and inspire them to do their best.
6. Blaming players publicly for lack of success, using such phrases as 'mental blocks.'
7. Reluctance to apply effective disciplinary measures.
8. No supervision of players prior to practice on many occasions resulting in situations in which players could be injured.
9. It was suggested that Mr. Hosaflook seek assistance from West Virginia University for improving the weight training program. He waited an entire year before seeking such assistance.

The state superintendent determined that the requirements of *W. Va. Code*, 18A–2–7 [1977][4] and Policy 5300(6)(a)[5] must be met prior to the termination of a coaching assignment. Without deciding whether the procedural requirements of *Code*, 18A–2–7 had been satisfied, the state superintendent tackled the substance of the hearing and concluded that the reasons given for nonrenewal of the appellant's coaching contract were not adequately proved. Consequently, the state superintendent ruled that the appellant was entitled to reinstatement.

The county superintendent petitioned the Circuit Court of Upshur County for a writ of certiorari. Upon review of the record, the court reversed the state superintendent's decision, concluding that neither *Code*, 18A–2–7 nor Policy 5300(6)(a) is applicable in a case involving nonrenewal of a contract for extracurricular duties.

The appellant contends that the circuit court erred (1) in concluding that his contract for extracurricular assignment was not protected by various statutory and policy provisions, and (2) in reinstating the board's decision, which the appellant contends was arbitrary, capricious, unsup-

ported by the evidence, and based on procedures that violated his due process rights.[6]

## II

■ The circuit court erred in ruling that the appellant was not entitled to the procedural protections of *W. Va. Code*, 18A–2–7 [1977]. The question of the applicability of *W. Va. Code*, 18A–2–7 [1977] to the nonrenewal of a coaching contract was clearly and affirmatively resolved by syllabus point 2 of *Smith v. Board of Education of Logan County*, 176 W.Va. 65, 341 S.E.2d 685 (1985), which states:

> The procedural requirements mandated under West Virginia Code § 18A–2–7 (1984 Replacement Vol.) and West Virginia Code § 18A–2–8 (Supp.1985), clearly apply, by the unqualified terms used therein, to all school personnel positions. Accordingly, it follows that school board actions relating to contracts entered into pursuant to West Virginia Code § 18A–4–16 (1984 Replacement Vol.) are not exempt from such requirements.

The court also erred in ruling that Policy 5300(6)(a) was not applicable. It is undis-

---

4. *W. Va. Code*, 18A–2–7 [1977], provides, in pertinent part:

> The superintendent, subject only to approval of the board, shall have authority to assign, transfer, promote, demote or suspend school personnel and to recommend their dismissal pursuant to provisions of this chapter. However, an employee shall be notified in writing by the superintendent on or before the first Monday in April if he is being considered for transfer or to be transferred. Any teacher or employee who desires to protest such proposed transfer may request in writing a statement of the reasons for the proposed transfer. Such statement of reasons shall be delivered to the teacher or employee within ten days of the receipt of the request. Within ten days of the receipt of the statement of the reasons, the teacher or employee may make written demand upon the superintendent for a hearing on the proposed transfer before the county board of education. The hearing on the proposed transfer shall be held on or before the first Monday in May. At the hearing, the reasons for the proposed transfer must be shown.

Nonrenewal of a teacher's coaching contract is a "transfer" within the meaning of *W. Va. Code*, 18A–2–7. *Smith v. Board of Education of County of Logan*, 176 W.Va. 65, 341 S.E.2d 685, 689 (1985).

5. Policy 5300(6)(a) and (b) provide:

> (a) Every employee is entitled to know how well he is performing his job, and should be offered the opportunity of open and honest evaluation of his performance on a regular basis. Any decision concerning promotion, demotion, transfer or termination of employment should be based upon such evaluation, and not upon factors extraneous thereto. Every employee is entitled to the opportunity of improving his job performance, prior to the terminating or transferring of his services, and can only do so with assistance of regular evaluation.
> (b) Every employee is entitled to 'due process' in matters affecting his employment, transfer, demotion or promotion.

6. The appellant also contends that the circuit court erred in allowing the appellees to rely on *W. Va. Code*, 18A–4–16 [1982] because the appellees failed to raise this issue prior to the January 1985 hearing. The appellees argued below that the appellant's rights were governed by *W. Va. Code*, 18A–4–16, to the exclusion of *W. Va. Code*, 18A–2–7. As we discuss infra, the appellees' argument is not viable. Therefore, it is unnecessary to address the question of whether the trial judge improperly permitted the appellees to make the argument.

puted that the appellees did not comply with Policy 5300. In *Smith, supra,* we noted that the state superintendent had ruled administratively in other cases, including Hosaflook's, that football coaches must be evaluated pursuant to Policy 5300(6)(a). 176 W.Va. at 70, n. 10, 341 S.E.2d at 689–90, n. 10. We found that Policy 5300(6)(a) evaluations of football coaches would be appropriate in certain circumstances:

> We do acknowledge that at first blush it may seem counterintuitive to apply the critical evaluation procedures of Policy 5300(6)(a) to coaching endeavors. However, one must keep in mind that 'athletics is an important vehicle for communication with and instruction of children.' *State ex rel. Hawkins v. Tyler County Board of Education,* 166 W.Va. 363, 275 S.E.2d [908] at 917 (Neely, J., dissenting). Such evaluations, of course, would be misdirected if they dwelt upon win-loss records and game tactics. The intended purpose of Policy 5300 evaluations, whether they involve teaching or extracurricular duties, is to encourage improvement of school personnel skills which, in turn, will benefit the students. Accordingly, evaluations which critique a coach's communication skills and discipline practices, as well as the emphasis (or lack of) upon sportsmanlike conduct, teamwork and other desirable human traits which are valuable to students on or off the playing field, would serve the intended purpose well.

*Id.*

Several of the reasons given for the appellant's transfer focused on discipline, communication, and supervision. Evaluation of these skills falls squarely within the intended purpose of Policy 5300.

■ The transfer of the appellant was a disciplinary action relating directly to alleged incompetency. Syllabus point 3 of *Trimboli v. Board of Education of the County of Wayne,* 163 W.Va. 1, 254 S.E.2d 561 (1979) provides:

> Failure by any board of education to follow the evaluation procedure in West Virginia Board of Education Policy No. 5300(6)(a) prohibits such board from discharging, demoting or transferring an employee for reasons having to do with prior misconduct or incompetency that has not been called to the attention of the employee through evaluation, and which is correctable.

*See also* syl. pt. 1, *Mason County Board of Education v. State Superintendent of Schools,* 165 W.Va. 732, 274 S.E.2d 435 (1981); syl. pt. 3, *Wilt v. Flanigan,* 170 W.Va. 385, 294 S.E.2d 189 (1982).

Even if the procedures followed in this case arguably complied in many respects with the notice and hearing requirements of *W.Va.Code,* 18A–2–7 [1977], the failure to evaluate the appellant and to afford him an opportunity to improve, according to the mandate of Policy 5300(6)(a), entitles the appellant to reinstatement to his position of football coach at Buckhannon-Upshur High School.

It is unnecessary for us to determine whether evidence adduced at the hearing sufficiently proved the charges against the appellant. *See Smith v. Board of Education of County of Logan, supra,* 176 W.Va. at 71, 341 S.E.2d at 690. The evaluation process, pursuant to Policy 5300(6)(a) is a critical part of any disciplinary transfer procedure under *W.Va.Code,* 18A–2–7 [1977]. *See Holland v. Board of Education of Raleigh County,* 174 W.Va. 393, 327 S.E.2d 155 (1985). Failure to follow the evaluation process is a fatal flaw.

For the foregoing reasons, the order of the Circuit Court of Upshur County is reversed, and this case is remanded for entry of an order affirming the decision of the state superintendent.

Reversed and remanded.

Justices BROTHERTON and NEELY dissent for the reasons set forth in Justice NEELY's dissent, in which Justice BROTHERTON joined, in *Smith v. Board of Education of County of Logan,* 176 W.Va. 65, 341 S.E.2d 685, 690–92 (1985).