381 S.E.2d 237

Samuel V. ROVELLO

v.

**LEWIS COUNTY BOARD OF EDUCATION.**

No. 18242.

Supreme Court of Appeals of West Virginia.

May 16, 1989.

Terry D. Reed, Hymes & Coonts, Buckhannon, for appellant.

Stephen A. Weber, Kay, Casto & Chaney, Charleston, for appellee.

PER CURIAM:

This is an appeal by Samuel V. Rovello from an order of the Circuit Court of Lewis County affirming his dismissal as principal of Lewis County High School. On appeal Mr. Rovello claims that the dismissal was improper because it was legally barred by the doctrines of res judicata and collateral estoppel. He also asserts that in making the dismissal the school authorities failed to follow procedures established by their own policies and that the dismissal was contrary to the law and evidence and that it was arbitrary, capricious, and characterized

by an abuse of discretion. After examining the record, the Court finds that while the majority of the appellant's assertions are without merit, the sanction of dismissal was harsh, inappropriate and unsupported by the facts of the case. Accordingly, the judgment of the Circuit Court of Lewis County is reversed.

The appellant, Mr. Rovello, who had worked with the Lewis County Board of Education for approximately twenty-five years, was, for eight years preceding his dismissal, principal of Lewis County High School. In November, 1984, he attended a West Virginia Secondary Schools Principal Conference at the Greenbrier Hotel. Because he wanted to attend at School Board expense, the appellant requested and received prior permission to attend from the Lewis County Board of Education. His request indicated that he would be travelling alone and that he would occupy a single room at the rate of $93.00 a day.

After the conference, the appellant submitted a bill indicating that two persons had occupied his room for two nights at the rate of $208.00 per night, for a total of $416.00. The bill also included a charge of $21.85 for wine, a charge of $8.40 for an ABCC club membership, and a long distance telephone charge of $3.20.

Almost a year later, in September, 1985, Edwin J. Prince, the business manager for the Lewis County Board of Education, noticed the appellant's expense charges while reviewing an audit of the School Board's accounts. Because a portion of the charges appeared not to be reimbursable, Mr. Prince subsequently questioned the appellant about the charges. The appellant responded that the room charge showing use by two persons was justified by past practice. He also indicated that the charges for wine and ABCC club membership had been repaid by him personally.

After learning of the matter and determining that the appellant had wrongfully charged the School Board for certain of the expenses, the Superintendent of the Lewis County Schools, on January 20, 1986, suspended the appellant from his job for thirty days with pay. The suspension letter indicated that it had been suggested that the appellant had been engaged in:

A deliberate misuse of school funds in violation of law and the policy of the Lewis County Board of Education concerning your attendance at the West Virginia Secondary Schools Principals Association in November, 1984.

In the letter the Superintendent of Schools further stated that:

I will be available for a conference with you at 1:30 p.m. on Thursday, February 6, 1986, in my office, at which time you may offer any explanation or rebuttal you wish to the matters recited above and such additional grounds for discipline as will be specified to you at that time. The information I have received in any explanation or rebuttal you wish to offer at that time will be considered by me in determining what charges and recommendation I will present to the Lewis County Board of Education with respect to your contract.

Subsequently, on February 19, 1986, the Superintendent of Schools appeared before the Lewis County Board of Education and presented the evidence relating to the appellant's case. The Board, after considering the matter, unanimously voted to dismiss the appellant from his employment as principal of Lewis County High School. Following the Board's action, the Superintendent of Schools, on February 20, 1986, notified the appellant of the Board's action.

After the dismissal, the appellant filed a grievance and the matter was heard at a Level IV grievance hearing conducted before the West Virginia Education Employees Grievance Board on April 8 and 9, 1986.

During the hearing, the appellant admitted that he had changed his room reservation at the Greenbrier, and that he was accompanied by a female friend on the trip. He claimed that he was following a double room policy which had been established by his predecessor, William Kinser. That policy, he claimed, allowed Lewis County High School administrators to take their wives or other guest to school functions at School Board expense. He also indicated that the policies of the Lewis County Board of Edu-

cation contained nothing to prohibit or prevent this practice.

Two witnesses called in opposition to the appellant, Assistant Principal Michael Lynch and acting Assistant Principal and former basketball coach Richard Hiserman, testified that they had attended functions with their wives, but that their wives' expenses had not been charged to the Board of Education.

At the conclusion of the hearing, the hearing examiner ruled that the Board of Education had met its burden of proof by showing by a preponderance of the evidence that he had been guilty of immorality by misusing school funds for the Greenbrier trip.

The appellant appealed the Hearing Board's decision to the Circuit Court of Lewis County, and the circuit court, by order dated September 22, 1988, affirmed the hearing examiner's decision. It is from the circuit court's ruling that the appellant now appeals.

■ On appeal the appellant first claims that the action of the Lewis County Board of Education which resulted in his dismissal was barred by the doctrine of res judicata and the doctrine of collateral estoppel. He argues that on January 20, 1986, the Superintendent of Schools for Lewis County suspended him for the actions which gave rise to the subsequent proceedings against him. He takes the position that since he was suspended by the Superintendent for the offense, the Board of Education was barred and estopped from imposing additional punishment.

This Court believes that the appellant's argument on these points is without merit. The Superintendent of Schools suspended the appellant in accordance with authority placed in him by *W.Va.Code*, 18A–2–7. That statutory section provides, among other things, that:

> The superintendent, subject only to approval of the board, shall have authority to assign, transfer, promote, demote or suspend school personnel and to recommend their dismissal pursuant to provisions of this chapter.

  ·    ·    ·    ·    ·

> The superintendent's authority to suspend school personnel shall be temporary only pending a hearing upon charges filed by the superintendent with the board of education and such period of suspension shall not exceed thirty days unless extended by order of the board.

In initially suspending the appellant, the Superintendent rather clearly indicated that the suspension was not the final sanction to be imposed and that the suspension was a part of an ongoing process. In his letter dated January 20, 1986, the Superintendent stated that he would present the charges against the appellant to the Board of Education at a later date and also indicated that he would make recommendations with regard to the appellant's future at that time.

The plain language of *W.Va.Code*, 18A–2–7, contemplates that any temporary suspension by a superintendent of schools can be followed by further action by the Board of Education upon charges presented by the superintendent. It indicates that a superintendent's suspension shall be of a temporary nature. It also indicates that a superintendent shall have authority to recommend the dismissal of an employee.

For both collateral estoppel and res judicata there must have been a final judgment rendered disposing of a case. *Monongahela Power Co. v. Starcher*, 174 W.Va. 593, 328 S.E.2d 200 (1985); *Conley v. Spillers*, 171 W.Va. 584, 301 S.E.2d 216 (1983).

In the present case, this Court believes that the Superintendent's action did not constitute a final resolution of the controversy, but instead was a part of the resolution process outlined by *W.Va.Code*, 18A–2–7.

■ The appellant next claims that the decision of the circuit court was contrary to the law in that the Board of Education failed to follow procedures established by its own regulations. Specifically, he states that West Virginia Board of Education Policy No. 5300(6)(a) prohibits a board of edu-

cation from discharging, demoting or transferring an employee without first advising him of the deficiencies in his performance and without first affording him an opportunity to improve his performance. In conjunction with this, the appellant cites *Mason County Board of Education v. State Superintendent of Schools*, 165 W.Va. 732, 274 S.E.2d 435 (1981), in which this Court stated, in syllabus point 3, that:

> The procedures specified in West Virginia Board of Education Policy No. 5300(6)(a) must be followed in every proceeding under *W.Va.Code* 18A–2–8 [1969] for the dismissal of a school employee on the ground of incompetency.

In addition the appellant relies on other cases in which the Court has indicated that the policy must be followed before there can be a dismissal for incompetency or misconduct. *Wren v. McDowell County Board of Education*, 174 W.Va. 484, 327 S.E.2d 464 (1985); *Holland v. Board of Education of Raleigh County*, 174 W.Va. 393, 327 S.E.2d 155 (1985); *Wilt v. Flanigan*, 170 W.Va. 385, 294 S.E.2d 189 (1982).

An examination of the cases cited by the appellant indicates that in each instance the dismissed employee was charged with some sort of ongoing incompetency or misconduct. For instance, in the *Mason County Board of Education* case and the *Wilt* case, the dismissed employee was charged with incompetency in failing to provide effective discipline in the school setting. In the *Holland* case, the employee was charged with insubordination, which was characterized as misconduct.

In the line of cases cited by the appellant the Court recognized that there are deficiencies in performance which are of a correctable nature. The Court also recognized that it would be unfair to discharge a school employee for such deficiencies without first informing him that his conduct was of an inadequate or inappropriate nature and without first affording him an opportunity to correct those deficiencies.

In *Mason County Board of Education v. State Superintendent of Schools*, 165 W.Va. at 739, 274 S.E.2d at 439, the Court amplified upon this as follows:

> [A] board must follow the § 5300(6)(a) procedures if the circumstances forming the basis for suspension or discharge are "correctable." The factor triggering the application of the evaluation procedure and correction period is "correctable" conduct. What is "correctable" conduct does not lend itself to an exact definition but must, ... be understood to mean an offense or conduct which affects professional competency.

In the appellant's case, the appellant was charged with, among other things, immorality in that he deliberately misused school funds by paying for an unauthorized guest or other unauthorized expenses in his trip to the Greenbrier Hotel. This charge is not of a type involving competency. Given the character of the charge, this Court thinks the appropriate reviewing bodies legally were authorized to consider the appellant's case even though he had never been afforded a 5300(6)(a) evaluation notifying him of the deficiency and even though he had never been afforded an improvement period.

■ The remaining assignments of error raised by the appellant involve the sanction of dismissal. He, among other things, claims that the hearing examiner failed to make sufficient findings of fact and conclusions of law to justify dismissal and that the Board's decision and sanction were inappropriate and improper considering the nature of the evidence introduced.

To mitigate any possible sanction imposed against him, the appellant adduced evidence showing that he had worked approximately twenty-five years as an educator and that at the time he incurred the charge for the hotel room the written travel policy of the Lewis County Board of Education did not specifically prohibit such an arrangement. There was also evidence that the appellant's predecessor and other personnel had previously engaged in such conduct without censure.

■ The overall rule relating to the dismissal of school personnel is set forth in syllabus point 3 of *Beverlin v. Board of Education of Lewis County*, 158 W.Va. 1067, 216 S.E.2d 554 (1975), as follows:

"The authority of a county board of education to dismiss a teacher under *W.Va. Code* 1931, 18A–2–8, as amended, must be based upon the just causes listed therein and must be exercised reasonably, not arbitrarily or capriciously."

Historically, not every infraction relating to character has been deemed sufficient to support the dismissal of a school employee. For instance, in *DeVito v. Board of Education*, 173 W.Va. 396, 317 S.E.2d 159 (1984), the Court reversed the dismissal of a teacher who distributed objectional "Fritz the Cat" cartoons to her students. The Court indicated that the appellant was negligent in performing her duty but also indicated that evidence failed to show that she engaged in wilful misconduct or neglect of duty. Under the circumstances, the Court ruled that the School Board acted arbitrarily and capriciously in dismissing the appellant. Similarly, in *Golden v. Board of Education of the County of Harrison*, 169 W.Va. 63, 285 S.E.2d 665 (1982), the Court indicated that misconduct alone, even immorality, would not always support a dismissal.

In the case presently before the Court, the evidence rather clearly shows that the Lewis County Board of Education did not have a clear-cut, written policy concerning travel by employees at the time of the appellant's infraction. The appellant's testimony indicates that in taking a guest he believed that he was following a procedure established by his predecessors. In short, the evidence suggests that he was not acting wilfully at the time of the infraction. There is also evidence that, except for wrongfully charging the trip expenses, he had rendered approximately twenty-five years of meritorious service. Additionally, if the Board is reimbursed for the improper expenses, the Court believes that it will suffer no substantial harm from the appellant's action.

Overall, given the lack of a clear policy on expenses, the isolated nature of the appellant's offense, his otherwise sterling record of long service, and the minimal harm to the school system, the Court believes that the Board of Education acted arbitrarily and capriciously in dismissing the appellant.

In *Mason County Board of Education v. State Superintendent of Schools*, 170 W.Va. 632, 295 S.E.2d 719 (1982), the Court indicated that unless a dismissal is malicious, a discharged employee is not entitled to full back pay.

In the appellant's case, even though the Court believes that the sanction of dismissal is inappropriate, the evidence, nonetheless, rather clearly indicates that the appellant acted wrongfully in charging the Board of Education for the attendance of his guest at the Greenbrier Hotel. Given this circumstance, the Court cannot conclude that the Board acted maliciously in sanctioning the appellant.

Given the nature of the offense and all the circumstances of the case, the Court believes that the appellant should be reinstated, but without back pay and without reimbursement for expenses in prosecuting this matter, so long as he reimburses the Lewis County Board of Education for the expenses which he improperly charged to the Board.

For the reasons stated, the judgment of the Circuit Court of Lewis County is reversed and this case is remanded with directions that the appellant be reinstated without back pay and without reimbursement for his expenses upon his repayment to the Board of Education the amounts which he improperly charged to that body.

Reversed and remanded with directions.