BOARD OF EDUCATION OF THE COUNTY OF FAYETTE

*v.*

VIRGINIA HUNLEY; MARGARET CROWLEY; EMMA SMITH

*and* ROY TRUBY, *State Superintendent Of Schools*

(No. 15330)

Decided March 11, 1982.

*Ralph C. Young* for appellants

*Brentz H. Thompson* for appellee.

NEELY, JUSTICE:

Following a review by the State Department of Education on 21 and 22 March 1979, the Fayette County Superintendent of Schools, George M. Edwards, was urged by the Regional Supervisor controlling Title I funds not to rehire two of the three secretaries then employed in the county's Title I Health Centers. Had he taken that advice, the superintendent probably would have followed the procedures set forth in *W. Va. Code,* 18A-2-6 [1973] for terminating school employees, and this case would have been resolved then.

However, since each of the three secretaries then working had over ten years of service with the school system, Superintendent Edwards was apparently reluctant to let any of them go. Therefore, he notified them by letter dated 28 March 1979 that they would be considered for transfer from their positions in the next school year because of the necessity of staff reduction. Had he transferred them to different jobs, his 29 March letter and subsequent bureaucratic machinations would have complied with *W. Va. Code,* 18A-2-7 [1977] which sets forth procedures for transferring school personnel, and this case would have ended there.

Unfortunately, the best the superintendent was able to offer to the secretaries was their choice of either continuing as secretaries on a half-time basis or of becoming full-time Title I aides. The three secretaries, Virginia Hunley, Margaret Crowley, and Emma Smith, chose the former option. At a regular meeting on 5 June 1979, the

Fayette County Board of Education approved the retention of the secretaries on a half-time basis.

On 13 July 1979 the three secretaries appealed the action of the county board to the State Superintendent, Roy Truby. Dr. Truby remanded the dispute to the county board on 21 August 1979 for a hearing on the issues. Thinking that *W. Va. Code*, 18A-2-7 [1977] governed the procedures for its actions in such a matter, the county board refused to hold such a hearing because none is provided for in the statute.

Dr. Truby then published a decision in the matter on 19 December 1979 finding the county board's action improper and directing reinstatement of the secretaries at full salary and workdays retroactive to the beginning of the 1979 school year. The Fayette County board requested reconsideration of the opinion on 14 January 1980. Dr. Truby affirmed his prior decision on 22 April 1980. The county board then filed a petition for certiorari in Kanawha County Circuit Court. After considering the case on the basis of the submitted briefs, the Circuit Court reversed the decision of Dr. Truby. Dr. Truby and the three secretaries then appealed the decision of the circuit court to this Court.

By virtue of their length of service the three secretaries had attained continuing contract status. Hence, under *W. Va. Code*, 18A-2-6 [1973] the county board could not have modified their contracts without their consent unless the board had terminated the contract with "written notice, stating cause or causes, to the employee, by a majority vote of the full membership of the board before the first day of April of the then current year." The statute also provided employees who have continuing contract status with the right, upon their request, to a hearing before the board.[1]

---

[1] *W. Va. Code*, 18A-2-6 [1973] provided in pertinent part as follows: *Termination of employment of auxiliary and service personnel.*

After three years of acceptable employment, each auxiliary and service personnel who enters into a new contract of employment with the board shall be granted continuing contract status. The

Despite the board's characterization of its action as a transfer of the appellants, what the board in fact did was to terminate the contracts with the secretaries and supplant the old contracts with new half-time contracts. Hence, the board should have followed the procedures of *W. Va. Code*, 18A-2-6 [1973]. The board had good intentions in trying to retain the women in some capacity, but they nonetheless failed to follow the statutory procedure.

We observe that the traditional justification for notice and right to a hearing provided by *W. Va Code*, 18A-2-6 [1973] are clearly illustrated by this case. From the briefs that were submitted to us it is obvious that the appellants had no clear understanding why the board terminated their contracts. With no record of a hearing, we cannot determine why the board acted as it did either. We empathize with the appellants' distress at not knowing why their hours were cut in half and at not being able to present their case. Had the board conducted a hearing in the first instance, we are emboldened to surmise that this matter would have been settled long ago to the satisfaction of all parties without the need for one order and two decisions by the State Superintendent of Schools, one order by the Circuit Court of Kanawha County, and one opinion from this Court.

Accordingly, for the reasons stated above, the judgment of the Circuit Court of Kanawha County is reversed and the 22 April 1980 decision of the State Superintendent is reinstated.

*Reversed.*

---

continuing contract of any such employee shall remain in full force and effect except as modified by mutual consent of the school board and the employee, unless and until terminated with written notice, stating cause or causes, to the employee, by a majority vote of the full membership of the board before the first day of April of the then current year, or by written resignation of the employee before that date. The affected employee shall have the right of a hearing before the board, if requested, before final action is taken by the board upon the termination of such employment.

This section was amended in 1981. *See W. Va. Code*, 81A-2-6 [1981].