295 S.E.2d 44

**Leslie LIPAN**

v.

**The BOARD OF EDUCATION, COUNTY OF HANCOCK, etc., et al.**

**No. 15050.**

Supreme Court of Appeals of
West Virginia.

July 15, 1982.

Rehearing Denied Sept. 16, 1982.

Jordan & Wilson and Ronald E. Wilson, New Cumberland, for appellant.

Pinsky, Barnes, Watson, Cuomo & Hinerman, Weirton, for appellees.

**554**

HARSHBARGER, Justice.

■ Leslie Lipan appeals from a final order of the Circuit Court of Hancock County denying her petition for a writ of certiorari commanding the Hancock County Board of Education (Board) to rehire her as a teacher and grant her a continuing employment contract. Lipan's principal argument is that she was neither honestly and openly evaluated nor afforded an improvement period as required by State Board of Education Policy No. 5300 and this Court's decision in *Trimboli v. Board of Education of the County of Wayne*, 163 W.Va. 1, 254 S.E.2d 561 (1979).* We agree and reverse.

In *Trimboli* this Court held:

"Failure by any board of education to follow the evaluation procedure in West Virginia Board of Education Policy No. 5300, (6)(a) prohibits such board from discharging, demoting, or transferring an employee for reasons having to do with prior misconduct or incompetency that has not been called to the attention of the employee through evaluation, and which is correctable." Syl. pt. 3, *Trimboli v. Board of Education of the County of Wayne*, 163 W.Va. 1, 254 S.E.2d 561 (1979).

*See also, Wilt v. Flanigan*, 170 W.Va. 385, 294 S.E.2d 189, (1982); Syl. pt. 1, *Mason County Board of Education v. State Superintendent of Schools*, 165 W.Va. 732, 274 S.E.2d 435 (1980).

■ After careful consideration of the record, briefs, and oral arguments, the Court is of the opinion that the Board did not comply with Policy No. 5300 and our case law. The trial court found that Lipan had only been evaluated on a somewhat regular basis during the three-year period she was employed but nonetheless found the Board substantially complied with Policy No. 5300. The record clearly reveals, however, that Lipan was never honestly and openly evaluated and given an opportunity to improve during her third teaching year, the 1976–1977 school year.

In the fall of 1976, Lipan taught at several schools for brief periods of time as a substitute teacher. On January 1977, she was assigned to a particular elementary school and worked there until the end of the school year in June. She taught there from January 4 to January 7 but as a result of snow storms and an energy crisis the school was closed until some unspecified date in February. On February 16, 1977, the school principal observed Lipan in her classroom for fifteen or twenty minutes but did not have an evaluation conference with her to discuss the results of the observation. The principal was also in Lipan's classroom briefly on other occasions in February in an effort to establish a rapport with her.

The principal did not hold a conference with Lipan concerning her teaching performance until April 1977. By this time, the principal had already recommended that she not be rehired. Hence, in her third year no record was made of any evaluations that were brought to Lipan's attention and the evidence conflicted about any verbal suggestions made to her. Furthermore, the principal admitted on cross-examination that she did not know that Lipan was in her third year as a probationary teacher at the time she made her recommendation that Lipan not be reemployed. The principal's negative recommendation, formed on this limited opportunity for evaluation, was the basis for Lipan's not being offered further employment.

■ In these circumstances, we cannot conclude the requirements of Regulation 5300 have been complied with by the Board. As we stated in syl. pt. 1, *Morgan v. Pizzino*, 163 W.Va. 454, 256 S.E.2d 592 (1979): "School Personnel regulations and laws are to be strictly construed in favor of the employee." Personnel evaluations, described in Policy No. 5300(6)(a), are required by the regulation itself to be "regular" and to be effective, must be more frequent than annual.

---

* Policy No. 5300(6)(a) provides in part:
  "Every employee is entitled to know how well he is performing his job, and should be offered the opportunity of open and honest evaluation of his performance on a regular basis."

For the foregoing reasons, the judgment of the Circuit Court of Hancock County is reversed, and it is ordered that Lipan be reinstated and given an open and fair opportunity to prove her professional competency as a teacher.

Reversed.