327 S.E.2d 464

**John WREN**

v.

**The MCDOWELL COUNTY BOARD OF EDUCATION, etc., et al.**

**No. 16041.**

Supreme Court of Appeals of West Virginia.

March 5, 1985.

WVEA, Charleston, for appellant.

Kendrick King, Asst. Pros. Atty., McDowell County, Welch, for appellees.

PER CURIAM:

John Wren appeals from a final order of the Circuit Court of McDowell County affirming the decision of the McDowell County Board of Education not to re-hire him as a school psychologist. The appellant contends, *inter alia,* that he was neither evaluated nor afforded an improvement period as required by State Board of Education Policy No. 5300(6)(a) and this Court's decision in *Trimboli v. Board of Education of the County of Wayne,* 163 W.Va. 1, 254 S.E.2d 561 (1979), the first case in which we applied and interpreted 5300(6)(a). After a thorough review of the record, we conclude that the appellant's position is sustained by the evidence and we reverse.

■ In syllabus point 3 of *Trimboli, supra,* we stated:

Failure by any board of education to follow the evaluation procedure in West Virginia Board of Education Policy No. 5300(6)(a) prohibits such board from discharging, demoting or transferring an employee for reasons having to do with prior misconduct or incompetency that has not been called to the attention of the employee through evaluation, and which is correctable.

*See also Lipan v. Board of Education, County of Hancock,* 170 W.Va. 553, 295 S.E.2d 44 (1982); *Wilt v. Flanigan,* 170 W.Va. 385, 294 S.E.2d 189 (1982); *Mason County Board of Education v. State Supt. of Schools,* 165 W.Va. 732, 274 S.E.2d 435 (1980).

The record reveals that the evaluation procedure prescribed in Policy No. 5300 was not followed in this case. Appellant was employed as a school psychologist in McDowell County on three successive probationary contracts. His performance was never evaluated during his first two years of employment. In the third school year (1981–82), he was evaluated twice, once on November 13, 1981 and again on December 14, 1981. The appellant disagreed with both evaluations and filed a grievance seeking their removal from his personnel file. The Superintendent of Schools at that time

agreed to remove the evaluations from the file and to have another evaluation conducted.

That evaluation was performed on March 17, 1982. Attached to the evaluation was a letter from Bennett Church, the evaluator, which stated in part:

The items marked on this evaluation do not reflect an evaluation of Mr. Wren's capabilities in working with students, teachers or principals. It is my opinion, although I have no personal observations, that he has done a good job in working with these people.

It is my opinion that previous conflicts involving Mr. Wren will have a bearing on his ability to perform the tasks covered in his job description. I feel that to successfully perform the duties mentioned Mr. Wren would have to have a change in attitude relative to the personnel he works both with and for in this County. This I do not forsee.

Mr. Church recommended that the appellant not be re-hired for the upcoming school year. No follow-up evaluation was done and by letter dated April 21, 1982, the appellant was notified that the McDowell County Board of Education had omitted his name from the re-hiring list for the 1982–83 school year. On April 23, 1982, the appellant was notified of the reasons behind the decision not to renew his contract.

Only one month elapsed between the time of the appellant's March 1982 evaluation and the recommendation of the Board that he be dismissed from his position as a school psychologist. There was clearly not time for the appellant to improve his performance even if he had wanted to. The appellee contends that Mr. Wren was given adequate verbal notice of his shortcomings but the evidence on this point is conflicting.

■ The record does indicate that a great deal of animosity existed between the appellant and his supervisors in the McDowell County school system. It appears that the issue of appellant's re-employment had already been decided when his evaluation was made. Although there was some evaluation of the appellant, we are of the

opinion that it was not sufficient to comply with the requirements of Policy No. 5300. As we stated in syllabus point 1 of *Morgan v. Pizzino*, 163 W.Va. 454, 256 S.E.2d 592 (1979): "School personnel regulations and laws are to be strictly construed in favor of the employee."

Finally, "[p]ersonnel evaluations, described in Policy No. 5300(6)(a), are required by the regulation itself to be 'regular' and to be effective, must be more frequent than annual." Syl. pt. 3, *Lipan v. Board of Education, County of Hancock*, 170 W.Va. 553, 295 S.E.2d 44 (1982). The evaluations done in this case were not regular in any sense of the word.

Accordingly, the judgment of the Circuit Court of McDowell County is reversed.

Reversed.