393 S.E.2d 677

**STATE of West Virginia ex rel. DEPARTMENT OF HEALTH AND HUMAN RESOURCES, CHILD ADVOCATE OFFICE, DIVISION OF INCOME MAINTENANCE, on Behalf of Emma Mae WEST**

v.

**WEST VIRGINIA PUBLIC EMPLOYEES RETIREMENT SYSTEM, a Public Corporation.**

**No. 19606.**

Supreme Court of Appeals of West Virginia.

May 23, 1990.

---

Kevin V. Sansalone, Fairmont, for Dept. of Health and Human Resources.

Gregory T. Hinton, Fairmont, for Lawrence Ray West.

Roger W. Tompkins, Atty. Gen., James A. Swart, Asst. Atty. Gen., Charleston, for W.Va. Public Employees Retirement System.

NEELY, Chief Justice:

The petitioner, Emma Mae West, through the Child Advocate Office, seeks a writ of mandamus to compel the respondent, the W.Va. Public Employees Retirement System, to withhold pension payments due Mrs. West's ex-husband, Lawrence Ray West, to meet Mr. West's alimony obligations.

The Wests were divorced in 1986, and a court order was entered requiring Mr. West to pay Mrs. West $75 per month in alimony. By January 1990, Mr. West had fallen in arrears on his alimony payments to the tune of $2,175.

Mr. West is a retired deputy sheriff in Marion County who receives pension benefits each month from the respondent, the state's Public Employees Retirement System. The Retirement System has refused, after proper request, to withhold these benefits to pay Mrs. West, claiming that they are exempt from withholding under the provisions of the West Virginia Public Employees Retirement Act, *W.Va.Code*, 5–10–1 *et seq.* [1961]. The Act provides, in pertinent part:

> The right of a person to any benefit provided for in this article shall not be subject to execution, attachment, garnishment, the operation of bankruptcy or insolvency laws, or other process whatsoever, nor shall any assignment be enforceable in any court.

*W.Va.Code*, 5–10–46 [1961].

We are of the opinion, however, that this provision of the Public Employees Retirement Act was implicitly superceded in part by passage in 1986 of the Family Obligations Enforcement Act, Chapter 48A, *W.Va.Code*, dealing generally with the problem of enforcement of alimony and child support orders,[1] including obligors who have pension income.

The withholding enforcement provision of the Family Obligations Enforcement Act, *W.Va.Code*, 48A–5–3 [1986], provides, in pertinent part:

> (e) After a final determination that withholding should occur, the children's advocate shall proceed to withhold so much of the obligor's income as is necessary to comply with the order authorizing such withholding, up to the maximum amount permitted under applicable law. Such withholding, unless otherwise terminated under the provisions of this section, shall apply to any subsequent source of income or any subsequent period of time during which income is received by the obligor.

. . . . .

> (g) The source of income of any obligor who is subject to withholding, upon being given notice of withholding, shall withhold from such obligor's income the amount specified by the notice and pay such amount to the child advocate office for distribution.

"Source of income" is defined in the Act as "an employer or successor employer *of* any other person who owes or will owe income to an obligor." *W.Va.Code*, 48A–1–3(19) [1986] (emphasis added). The word "of" in this paragraph is a misprint. As it reads, withholding would *only* be allowed against an employer of someone *other than the obligor himself*, which *other per-*

---

1. *W.Va.Code*, 48A–1–3(13) [1986], provides:

"Individual entitled to support enforcement services under the provisions of this chapter" means:

(A) An individual who has applied for or is receiving services from the child advocate office and who is the custodial parent of a child, or the primary caretaker of a child, or the guardian of the property of a child when:
(i) Such child has a parent and child relationship with an obligor who is not such custodial parent, primary caretaker or guardian; and
(ii) The obligor with whom the child has a parent and child relationship is not meeting an obligation to support the child, or has not met such obligation in the past; or
(B) An individual who has applied for or is receiving services from the child advocate office and who is an adult or an emancipated minor whose spouse or former spouse has been ordered by a court of competent jurisdiction to pay spousal support to the individual, whether such support is denominated alimony or separate maintenance, or is identified by some other terminology, thus establishing a support obligation with respect to such spouse, when the obligor required to pay such spousal support is not meeting the obligation, or has not met such obligation in the past.

*son* owes a debt to the obligor for something *other than wages.* This is clearly not what the Act intends to accomplish. House Bill 2094, the original bill introduced in the House of Delegates in 1986 and never amended in this particular, read "or" not "of." *Journal of the House of Delegates,* 67th Leg. of W.Va., 2d Reg.Sess.1986, at p. 1128. The misprint occurred sometime between passage of the bill and printing of the *Acts of the Legislature* (2d Reg.Sess. 1986, Ch. 42, at p. 276). Therefore, the Act defines "source of income" as "an employer or successor employer or any other person who owes or will owe income to an obligor."

This reading of section 48A–1–3(19) makes "source of income" consistent with the Act's purpose of allowing withholding of all income and the Act's broad definition of "income," which is as follows:

(A) Commissions, earnings, salaries, wages, and other income due or to be due in the future to an obligor from his employer and successor employers;

(B) *Any payment due or to be due in the future to an obligor from* a profit-sharing plan, *a pension plan,* an insurance contract, an annuity, social security, unemployment compensation, supplemental employment benefits, and workers' compensation;

(C) *Any amount of money which is owing to the obligor as a debt from* an individual, partnership, association, public or private corporation, the United States or any federal agency, *this state or any political subdivision of this state,* any other state or a political subdivision of another state, *or any other legal entity which is indebted to the obligor.*

*W.Va.Code,* 48A–1–3(12) [1986] (emphasis added).

■ The 1986 Family Obligations Enforcement Act, then, explicitly mandates withholding from state pension payments to pay support obligations. This directly contradicts the 1961 Public Employees Retirement Act cited above, which exempts public pensions from any legal process. As a general rule of statutory construction, we

have written, "If ... several statutory provisions can not be harmonized, controlling effect must be given to the last enactment of the Legislature." *Pinson v. Varney,* 142 W.Va. 105, 109, 96 S.E.2d 72, 74 (1956). We therefore hold that the Legislature intended in the Family Obligations Enforcement Act of 1986 to carve out an exception to the protection of public pensions from legal process set forth in the Public Employees Retirement Act of 1961.

Considerations of public policy lead to the same result. The earlier Code section, exempting government pensions from attachment, was intended to govern primarily the relations between pensioners (who often must rely solely on slim payments from the public retirement funds) and general third-party creditors. That concern must fall away when compared to the needs of the pensioner's own family, whom the pensioner has a legal duty to support. Although it is true that, among various forms of income, public policy is especially wary of allowing garnishment of pension income, the relatively high degree of protection afforded such income must yield to court-ordered alimony and support obligations.

■ Mandamus is a proper remedy in this case. As this Court held in Syllabus Point 4, *Walter v. Ritchie,* 156 W.Va. 98, 191 S.E.2d 275 (1972):

Mandamus will lie to compel performance of a nondiscretionary duty of an administrative officer though another remedy exists, where it appears that the official, under misapprehension of law, refuses to recognize the nature and scope of his duty and proceeds on the belief that he has discretion to do or not to do the thing demanded of him.

We hold that a writ of mandamus will lie to compel the Retirement System to withhold the pension benefits at issue in this case, and the writ is hereby awarded.

Writ of Mandamus Awarded.