446 S.E.2d 510

**Dorris BERRY, Plaintiff Below, Appellant,**

v.

**KANAWHA COUNTY BOARD OF EDUCATION, Defendant Below, Appellee.**

**No. 21957.**

Supreme Court of Appeals of West Virginia.

Submitted May 4, 1994.

Decided June 16, 1994.

---

John Everett Roush, Charleston, for appellant.

Gregory Bailey, Charleston, for appellee.

MILLER, Justice:

The appellant and plaintiff below, Dorris Berry, appeals an order of the Circuit Court of Kanawha County, which affirmed the decision of the West Virginia Education and State Employees Grievance Board (Grievance Board) to uphold her termination and subsequent transfer. Ms. Berry contends that the Kanawha County Board of Education (Board) violated W.Va.Code, 18A–4–8b (1990), when it terminated her contract and retained a less senior employee within the same classification. We agree, and we reverse the judgment of the circuit court.

### I.

Dorris Berry was employed as a Clerk II in the Permanent Records Department of the Board during the 1989–90 and 1990–91 school years. She had a continuing service employee contract and twelve years of seniority. Prior to working in the Permanent Records

Department, Ms. Berry worked in the Psychological Services Department for ten years. Both the Permanent Records Department and the Psychological Services Department are located at the Board's central office.

Due to a budget deficit and declining enrollment, the Board decided to reduce the number of service personnel to be employed during the 1991–92 school year. Consequently, the least senior clerks employed in the county were terminated from employment so that sufficient clerical positions would be available to accommodate more senior clerks, including Ms. Berry. In addition to the termination of the least senior clerks, the Board's Assistant Superintendent for the Department of Special Services was directed to identify two school service positions within his department that could be eliminated. He recommended that the plaintiff's position, along with another Clerk II position in a different part of the department, be eliminated.

In a letter dated February 27, 1991, Ms. Berry was notified that the Superintendent intended to recommend that her continuing contract of employment be terminated. On March 18, 1991, the Board voted to terminate her contract of employment after a hearing on the matter.

The Board later notified Ms. Berry that she would be recommended for transfer and subsequent assignment. She bid on and was awarded another Clerk II position outside the central office with a 225–day contract. The new contract resulted in a loss of thirty-six days of salary and, since county policy extends paid vacation only to employees with a 261–day employment term, the loss of paid vacation.

A grievance was filed with the Grievance Board, pursuant to W.Va.Code, 18-29-1, *et seq.*, contending that the Board unlawfully reduced Ms. Berry's contract term in violation of W.Va.Code, 18A-2-6 (1989),[1] and

---

1. W.Va.Code, 18A-2-6, provides, in part:

 "The continuing contract of any such employee shall remain in full force and effect except as modified by mutual consent of the school board and the employee, unless and until terminated with written notice, stating cause or causes, to the employee, by a majority vote of the full membership of the board before the first day of April[.]"

18A–4–8 (1990).[2] Ms. Berry further asserted that reducing her employment term while allowing a less senior Clerk II to maintain a 261–day employment term[3] violated W.Va. Code, 18A–4–8b.[4]

A Level IV grievance hearing was conducted on September 4, 1991. Ms. Berry's grievance was denied by a decision rendered on January 17, 1992. She appealed to the Circuit Court of Kanawha County, pursuant to W.Va.Code, 18–29–7 (1985). Ms. Berry sought reinstatement of her 261–day contract term with back pay, plus interest, costs, and attorney's fees. On April 20, 1993, the circuit court affirmed the decision of the Grievance Board. This appeal ensued.

## II.

Ms. Berry contends that the Board violated W.Va.Code, 18A–4–8, when it relegated her to a position of employment resulting in a loss of benefits and a reduction in salary without her written consent.[5] This particular portion of W.Va.Code, 18A–4–8, often is referred to as the non-relegation clause, which we briefly discussed in *Lucion v. McDowell County Board of Education*, 191 W.Va. 399, 446 S.E.2d 487 (1994). In *Lucion*, some fifty-seven service employees were terminated by the Board, but they were then reinstated. They were given the same

employment contract, except that the number of days in the employment term was reduced. We approved this procedure as not violating the non-relegation clause, because there had been a termination of their service contracts under W.Va.Code, 18A–2–6. In *Lucion*, we relied on the Syllabus of *Board of Education of Fayette County v. Hunley*, 169 W.Va. 489, 288 S.E.2d 524 (1982).[6]

The Board relies on *Hunley* to assert that Ms. Berry was subject to termination under W.Va.Code, 18A–2–6. We agree that this proceeding initially was invoked by the Board. However, we do not believe that either *Lucion* or *Hunley* is controlling in this case.

■ The crucial distinction is that Ms. Berry's position was eliminated. The Board argues that her termination was not a reduction in force because her job was eliminated. We do not agree because a reduction in force, obviously can occur when job positions are eliminated. We recognized this point in *Lucion* where we said:

"If a board of education decides to reduce the number of jobs for service personnel, the board must follow the reduction in force procedures of W.Va.Code, 18A–4–

"Should a county board of education be required to reduce the number of employees within a particular job classification, the employee with the least amount of seniority within that classification or grades of classification shall be properly released and employed in a different grade of that classification if there is a job vacancy: Provided, That if there is no job vacancy for employment within such classification or grades of classification, he shall be employed in any other job classification which he previously held with the county board if there is a vacancy and shall retain any seniority accrued in such job classification or grade of classification."

**2.** W.Va.Code, 18A–4–8, provides, in part:

"No service employee, without his written consent, may be reclassified by class title, nor may a service employee, without his written consent, be relegated to any condition of employment which would result in a reduction of his salary, rate of pay, compensation or benefits earned during the current fiscal year or which would result in a reduction of his salary, rate of pay, compensation or benefits for which he would qualify by continuing in the same job position and classification held during said fiscal year and subsequent years."

This section was amended in 1993. The 1993 version is substantially similar to that in 1990.

**3.** It is not disputed that Rosemary Light is employed by the Board as a Clerk II in the Psychological Testing Department at the Board's central office. As of the 1990–91 school year, Ms. Light had approximately two years of seniority as a Clerk II and held a 261–day contract of employment. Though Ms. Light had ten years less seniority than Ms. Berry, her employment contract was not terminated.

**4.** The relevant portion of W.Va.Code, 18A–4–8b, states:

**5.** For the relevant text of W.Va.Code, 18A–4–8, see note 2, *supra*.

**6.** The Syllabus of *Hunley* states: "When a county school board seeks to reduce the working hours of a service employee by one half, the board must comply with the procedures set out in *W.Va.Code*, 18A–2–6 [1973]."

8b [1990]." 191 W.Va. at 402, 446 S.E.2d at 490.

The reduction in force procedures are set out in W.Va.Code, 18A–4–8b.[7] Basically, the procedures require that where the number of employees within a particular job classification is reduced the employee with the least amount of seniority within that classification is to be released. Classifications are defined in W.Va.Code, 18A–4–8b, which utilizes the class titles contained in W.Va.Code, 18A–4–8. There is one major exception—"class titles having Roman numeral designations . . . shall be considered a single classification of employment."[8] When we turn to W.Va. Code, 18A–4–8, the clerical job classification is divided into Clerk I and Clerk II.[9] Therefore, these positions form one classification under W.Va.Code, 18A–4–8b, because they are designated by Roman numerals.

■ We are not informed as to the seniority of the entire clerical job classification of the Board. It is apparent that Ms. Berry had more seniority than Ms. Light who, as we stated in note 3, *supra*, was not released.

Under the reduction in force provisions of W.Va.Code, 18A–4–8b, the least senior clerk should have been released. Clearly, Ms. Berry was not the least senior clerk. Thus, when her position was eliminated the Board erred in releasing her. The circuit court by adopting the Board's view made the same error.

For the foregoing reasons, we reverse the judgment of the Circuit Court of Kanawha County, and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.

McHUGH, J., deeming himself disqualified, did not participate in the consideration or decision of this case.

---

**7.** For the relevant portion of W.Va.Code, 18A–4–8b, see note 4, *supra*.

**8.** The applicable language of W.Va.Code, 18A–4–8b, states: "Each class title listed in section eight, article four of this chapter shall be considered a separate classification category of employment for service personnel, except for those class titles having Roman numeral designations, which shall be considered a single classification of employment."

**9.** W.Va.Code, 18A–4–8, states, in part:

" 'Clerk I' means personnel employed to perform clerical tasks.

" 'Clerk II' means personnel employed to perform general clerical tasks, prepare reports and tabulations and operate office machines."