502 S.E.2d 214

**WOOD COUNTY BOARD OF EDUCATION, Appellee,**

**v.**

**Peggy L. SMITH, et al., and Brian Shockey, Appellants.**

No. 24676.

Supreme Court of Appeals of West Virginia.

Submitted April 29, 1998.

Decided May 8, 1998.

**118**

John Everett Roush, W.Va. School Service Personnel Association, Charleston, for Appellants.

Dean A. Furner, Spilman Thomas & Battle, Parkersburg, for Appellee.

PER CURIAM:[1]

This appeal was brought by Peggy L. Smith, et al., appellants and grievants below (hereinafter "grievants"),[2] from an order of the Circuit Court of Wood County. The circuit court reversed a decision of an administrative law judge for the Education and State Employees Grievance Board (hereinafter "ALJ"). The ALJ ruled that the Wood County Board of Education, appellee and respondent below (hereinafter the "Board"), could not award the grievants' extracurricular school bus driving routes to employees with greater seniority. The Board appealed the decision to the circuit court. The circuit court reversed the ALJ. In this appeal, the grievants allege that the circuit court committed error (1) in finding that a reduction-in-force occurred when the Board eliminated certain extracurricular school bus driving positions, (2) in finding that extracurricular school bus drivers whose positions were eliminated could use their seniority to obtain the extracurricular school bus driving positions that were not eliminated, and (3) in failing to review the entire record in the case.

## I.

### FACTUAL BACKGROUND

Beginning in the school year 1996–97, the Board was required to provide full-day kindergarten programs instead of half-day programs. This change necessitated eliminating 19 extracurricular school bus driver positions[3] which serviced the half-day kindergarten programs.[4] In reliance upon a memorandum opinion by the State Superintendent of Schools, dated August 26, 1996,[5] the Board permitted those employees whose extracurricular positions were eliminated to replace those less senior employees who had extracurricular positions which were not eliminated.

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992).

2. The other grievants are: Pamela Reynolds, Ormal Jean Taylor, Woodrow Mace, Harold Cunningham, Gary Sutphin, Jerry Balderson, Carl Allen, William Wright, Michael McElwee, and Brian Shockey.

3. This employment is called "extracurricular" to distinguish it from regular employment contracts for school bus operators.

4. The 19 extracurricular school bus drivers were also employed as regular bus operators.

5. The Board's brief cites part of the Superintendent's memorandum opinion. The portion provided sets out a question presented to the Superintendent and the response to the question as follows:

> If we are granted a waiver and do not have to implement all-day kindergarten in all schools, how do we reduce the mid-day runs at those schools in which we implement all-day kindergarten? Mid-day runs are awarded as separate contracts. Do we look at only the drivers

The less senior employees who are grievants [6] in this case filed a grievance over the loss of their extracurricular bus driver positions. On October 31, 1996, the ALJ rendered a decision prohibiting the Board from eliminating the grievants' extracurricular positions. The ALJ concluded that W.Va.Code § 18A–4–8(b) did not apply to the extracurricular bus driver positions. The Board appealed the ALJ's decision to the circuit court. The circuit court reversed the decision of the ALJ. This appeal resulted.

## II.

### STANDARD OF REVIEW

■ This Court has held that "[a] final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W.Va.Code § 18–29–1, et. seq. [1985], and based upon findings of fact, should not be reversed unless clearly wrong." Syl. pt. 1, *Randolph County Board of Education v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989). W.Va.Code § 18–29–7 (1994) provides that an ALJ's decision may be set aside if it: (1) was contrary to law or lawfully adopted rule, regulation or written policy of the chief administrator or governing board, (2) exceeded the hearing examiner's statutory authority, (3) was the result of fraud or deceit, (4) was clearly wrong in view of the reliable, probative and substantial evidence on the whole record, or (5) was arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. *See Board of Education of the County of Mercer v. Wirt*, 192 W.Va. 568, 453 S.E.2d 402 (1994). We elaborated on the standard of review in *Martin v. Randolph County Bd. of Educ.*, 195 W.Va. 297, 304, 465 S.E.2d 399, 406 (1995), where we said:

> affected at individual schools or do we look at the entire list of mid-day drivers, dismiss the least senior and post their positions for those more senior drivers who will lose their runs? In response to this question, we must look at W.Va.Code § 18A–4–8b for guidance. This section requires that all decisions by county boards concerning reduction in work force of service personnel be on the basis of seniority. The seniority of any service personnel is determined on the basis of the length of time the employee has been employed by the county board within a particular job classification. It is not based on the length of time employed in a certain school. Therefore, the entire list of

The scope of review under the arbitrary and capricious standard is narrow, and a court is not to substitute its judgment for that of the hearing examiner.... Similarly, in reviewing an ALJ's decision that was affirmed by the circuit court, this Court accords deference to the findings of fact made below. This Court reviews decisions of the circuit [court] under the same standard as that by which the circuit [court] reviews the decision of the ALJ. We must uphold any of the ALJ's factual findings that are supported by substantial evidence, and we owe substantial deference to inferences drawn from these facts. Further, the ALJ's credibility determinations are binding unless patently without basis in the record. Nonetheless, this Court must determine whether the ALJ's findings were reasoned, i.e., whether he or she considered the relevant factors and explained the facts and policy concerns on which he or she relied, and whether those facts have some basis in the record. We review de novo the conclusions of law and application of law to the facts. (Citations omitted.)

*See Keatley v. Mercer County Bd. of Educ.*, 200 W.Va. 487, 490 S.E.2d 306 (1997).

## III.

### DISCUSSION

#### A.

*Elimination of Extracurricular School Bus Driving Positions Constitutes a Reduction in Force*

■ Grievants argue that the elimination of the half-day kindergarten bus route positions did not constitute a reduction-in-force

> mid-day drivers for the county must be looked at to dismiss the least senior drivers. Also, any existing or newly created positions which are vacant required to be posted, pursuant to W.Va.Code § 18A–4–8b.
> Hoping that I have been of service, I am
> Sincerely,
>
> /s Henry Morockie
> State Superintendent of Schools

**6.** The grievants remained employed with the Board as regular bus operators.

within the meaning of W.Va.Code § 18A–4–8b (1996). W.Va.Code § 18A–4–8(b) provides in pertinent part: "If a county board is required to reduce the number of employees within a particular job classification, the employee with the least amount of seniority within that classification or grades of classification shall be properly released and employed in a different grade of that classification if there is a job vacancy." The grievants contend that there was no reduction in the number of bus operators, but merely a reduction in extracurricular positions. The ALJ agreed with the grievants. The ALJ found that the language of W.Va.Code § 18A–4–8(b) has no application to the elimination of half-day kindergarten bus route positions.[7]

■ The Board correctly asserts that the issue of whether elimination of those positions constitutes a reduction-in-force has previously been decided by this Court. This Court observed in *Berry v. Kanawha County Bd. of Educ.*, 191 W.Va. 422, 424, 446 S.E.2d 510, 512 (1994) that "a reduction in force, obviously can occur when job positions are eliminated." *Berry* explicitly held in the single syllabus of the opinion that "[i]f a board of education decides to reduce the number of jobs for service personnel, the board must follow the reduction in force procedures of W.Va.Code § 18A–4–8b [1996]."

■ The Board also contends that it was erroneous for the ALJ to overrule the position adopted by the State Superintendent. *See* W.Va.Code § 18–29–7(1)(1994) (providing that an administrative law judge's decision may be set aside if it was contrary to a lawfully adopted rule or written policy of the chief administrator). In a memorandum opinion dated August 26, 1996, the State Superintendent opined that a reduction-in-force occurred when half-day kindergarten bus route positions were eliminated. We have consistently held that "[i]nterpretations of statutes by bodies charged with their administration are given great weight unless clearly erroneous." Syl. pt. 4, *Security Na-*

*tional Bank & Trust Company v. First W. Va. Bancorp, Inc.*, 166 W.Va. 775, 277 S.E.2d 613 (1981). *See also* Syl. pt. 1, *Smith v. Board of Educ. of County of Greenbrier*, 192 W.Va. 321, 452 S.E.2d 412 (1994); Syl. pt. 3, *Smith v. Board of Educ. of Logan County*, 176 W.Va. 65, 341 S.E.2d 685 (1985). The ALJ rejected the memorandum opinion because of a contrary opinion authored by the State Superintendent' office in 1989. It is now well settled fundamental law that "when two statutes conflict, the general rule is that the statute last in time prevails as the most recent expression of the legislative will." *West Virginia Health Care Cost Review Authority v. Boone Memorial Hosp.*, 196 W.Va. 326, 336, 472 S.E.2d 411, 421 (1996). *See also*, Syl. pt. 2, *Stamper by Stamper v. Kanawha County Bd. of Educ.*, 191 W.Va. 297, 445 S.E.2d 238 (1994); Syl. pt. 2, *State ex rel. Dept. of Health and Human Resources, etc. v. West Virginia Public Employees Retirement System*, 183 W.Va. 39, 393 S.E.2d 677 (1990). This axiom holds true for competing administrative opinions interpreting the same statute. Confronted with a similar issue in *Smith v. Board of Educ. of County of Greenbrier*, 192 W.Va. at 324, 452 S.E.2d at 415, we held that "[w]hile the existence of conflicting opinions from two state superintendents admittedly raises a question of the precedential value to be accorded the opinions, nonetheless, ... [t]he interpretation currently in effect is that of Mr. Marockie, and unless we can find clear error in such opinion, it should be accorded 'great weight.'" We discern no basis to disturb the circuit court's ruling on this assignment of error.

### B.

### *School Bus Drivers Whose Extracurricular Positions Are Eliminated May Use Their Seniority to Obtain Extracurricular School Bus Driving Positions That Were Not Eliminated*

■ The grievants contend that no authority exists allowing them to be "bumped" from

---

7. The grievants also argue that because this Court held in *Smith v. Board of Educ. of Logan County*, 176 W.Va. 65, 341 S.E.2d 685 (1985) that the procedural requirements for assignment, transfer, promotion, demotion, suspension and dismissal under W.Va.Code § 18A–2–7 (1996) apply to extracurricular personnel positions, it

naturally follows that eliminating extracurricular positions is akin to a transfer. This argument is without merit. W.Va.Code § 18A–2–7 pertains to more than "transfers". It also applies to assignments, promotions, demotions, suspensions and dismissals.

their extracurricular bus driving positions by more senior drivers whose half-day kindergarten route positions were eliminated.[8] The Board counters that, since this was a reduction-in-force, W.Va.Code § 18A–4–8b (supra) necessitated release of the grievants as they were the least senior extracurricular bus drivers. The Board contends that its actions did not constitute bumping. The Board followed the requirements of W.Va.Code § 18A–4–8b. Insofar as the elimination of the half-day kindergarten bus route positions was a reduction-in-force, the Board's position is correct. Therefore, the circuit court's decision on this issue will not be disturbed.

## C.

### *The Circuit Court Committed Harmless Error in Failing to Review the Entire Record in the Case*

■ The last argument raised by the grievants is that the circuit court did not have the full administrative record when it made its review of the ALJ's decision. The Board contends that the issue ruled upon by the circuit court was a question of law. Therefore, the entire record was unnecessary for legal determination. We have held that "[q]uestions of law are subject to a de novo

review." Syl. pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont,* 198 W.Va. 329, 480 S.E.2d 538 (1996). The Board's position is correct. The circuit court had a sufficient record for the dispositive legal determination in this case. Any error in not having a full record was harmless. *See Parham v. Horace Mann Ins. Co.,* 200 W.Va. 609, 617, 490 S.E.2d 696, 704 (1997) ("[W]e conclude the procedural error committed by the trial court did not result in substantial injustice or prejudice the substantive rights of Appellants. Therefore, we consider such error harmless, and decline to reverse the final decision of the trial court").

## IV.

### CONCLUSION

In view of the foregoing, we affirm the circuit court's order.

Affirmed.

---

8. This argument is premised upon a finding by this Court that the elimination of the half-day kindergarten bus route positions was not a reduction-in-force.