719 S.E.2d 844

Rebecca SHANKLIN, Plaintiff Below, Petitioner

v.

BOARD OF EDUCATION OF the COUNTY OF KANAWHA, Defendant Below, Respondent.

No. 101526.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 21, 2011.

Decided Nov. 22, 2011.

John Everett Roush, Esq., Charleston, WV, for Petitioner.

James W. Withrow, Esq., Charleston, WV, for Respondent.

PER CURIAM:

The instant action is before this Court upon the appeal of Rebecca Shanklin (hereinafter "petitioner") from a July 28, 2010, order of the Circuit Court of Kanawha County, upholding the denial of her grievance with the Kanawha County Board of Education (hereinafter "Board") before the West Virginia Public Employees Grievance Board (hereinafter "Grievance Board"). The circuit court agreed with the Grievance Board's determination that the petitioner was not entitled to reinstatement after a reduction in force to her previously held general maintenance position. For the reasons stated herein, we affirm the order of the circuit court.

## I.

## FACTUAL AND PROCEDURAL HISTORY

The petitioner has worked for the Board for over 20 years, primarily as a cook. She also was employed during the summers performing general maintenance work. In July of 2007, the petitioner was hired by the Board as a full-time general maintenance worker, while maintaining her cook position. As a general maintenance worker, the petitioner performed unskilled labor and assisted skilled employees in their tasks at the maintenance facility in Crede, Kanawha County.[1] For the time period applicable to this case, there were four general maintenance employees working for the Board, all under the supervision of Terry Hollandsworth.

In the spring of 2009, the Kanawha County Superintendent of Schools notified Hollandsworth that he should recommend the elimination of a number of positions within the maintenance department. The need for the elimination of positions was to ensure that the Board maintained compliance with the available school funding formula. Mr. Hollandsworth recommended to the superintendent the elimination of five positions in the classified service, four in the general maintenance classification and one non-related clerk position through a reduction in force (hereinafter "RIF"). The affected employees were notified that their positions would be eliminated for the 2009–2010 school year. The petitioner and another affected employee, Barbara Isaacs, requested a hearing before the Board prior to the final decision being made. On March 26, 2009, the Board heard from the petitioner and Ms. Isaacs and voted to eliminate the four general maintenance positions as well as that of a clerk. Those losing their positions were Barbara Isaacs, the petitioner, Karen Harper and another individual. This left one person on the job,

Robert Keener. Mr. Keener was dually classified as general maintenance and electrician II. The employee with the most seniority in the general maintenance classification was Ms. Isaacs. It is undisputed that the petitioner did not have the greatest seniority in that classification and that Mr. Keener had the least amount of seniority when compared to the petitioner.

On April 14, 2009, the petitioner filed a grievance, stating as follows:

> Grievant contends that she has been rid'd [sic] as [a] General Maintenance employee, while a less senior employee with that classification title within his multiclassification contract has been retained[.] Grievant also contends that the Respondent is retaining substitutes in the maintenance department and that these substitutes will perform the work of the General Maintenance employees, i.e. assisting skilled employees in the various crafts. Grievant alleges a violation of *West Virginia Code* § 18A–4–8b & 18A–4–8g.

The petitioner requested that she be reinstated as a general maintenance employee with a contract and all benefits, and sought compensation for lost wages, benefits and with interest.

This grievance was advanced, with the agreement of the Board and the petitioner, to Level 3, and a hearing was scheduled before an Administrative Law Judge (hereinafter "ALJ"). Three days prior to the hearing, the multiclassified employee who retained his general maintenance position agreed to the deletion of general maintenance from his classification, leaving him with the single classification of electrician II.

At the hearing, the ALJ faced three issues, two of which are pertinent to this appeal.[2] The first issue was whether the Board ille-

---

1. W. Va.Code § 18A–4–8(43) (2010) defines "general maintenance" as "a person employed as a helper to skilled maintenance employees and to perform minor repairs to equipment and buildings of a county school system."

2. The hearing also addressed the timeliness of the request to intervene filed by Karen Harper, one of the four affected General Maintenance workers whose positions were eliminated. Ms.

Harper did not file a grievance at the same time as the petitioner did. The timing of her request to intervene was also outside of the time period in which she had to file a grievance. The ALJ ultimately found that Ms. Harper's intervention request was not timely filed, and she was not afforded intervenor status or any relief under this grievance.

gally retained a less senior employee when reducing the number of general maintenance workers, in violation of W. Va.Code § 18A–4–8b (2007). The second was whether the Board showed that there was a need for the reduction in force.

The testimony adduced at the hearing supported the petitioner's contention that the Board retained a less senior employee in the General maintenance classification. The clear language of W. Va.Code § 18A–4–8(h), (k) and (j) plainly require that decisions regarding the employees affected by a reduction in force be made on the basis of seniority. The petitioner had greater seniority in the general maintenance classification than the retained employee, Mr. Keener.[3] The ALJ ultimately concluded that the petitioner had clearly established that the Board failed to retain the most senior employee within the General maintenance classification when it reduced its workforce. However, the ALJ found that even if the Board had followed the appropriate procedure, the petitioner would not have been the most senior employee within the classification. Therefore, her grievance was denied.

The ALJ also found that the Board had shown that there was a need for the reduction in force for the general maintenance department. The ALJ found that W. Va. Code § 18A–4–8(j) expressly permits a reduction in force on the basis of a lack of need for the services of employees within a particular classification. The petitioner argued that because her work duties after the reduction in force were being filled by other personnel, there was a continued need for her services as a general maintenance worker. She claimed at the Level 3 hearing that the Board was intending to fill her job with substitutes, who did not earn such benefits as insurance coverage, retirement and vacation pay. The respondent argued that despite the reduction in force, somebody would have to perform those very duties formerly done by the general maintenance workers. The

ALJ found that the facts elicited from the testimony in the Level 3 hearing did not support the petitioner's contentions that the Board was circumventing the statutory requirements by hiring substitute workers, in lieu of classified service personnel, in violation of W. Va.Code § 18A–4–15 (2007). The ALJ found through the testimony of Mr. Hollandsworth that the Board's system of calling in substitutes to work within the particular specialty classifications did not amount to the use of substitutes to replace the general maintenance workers whose jobs were subject to the reduction in force. The grievance of Ms. Shanklin was thus denied.

The petitioner appealed to the Circuit Court of Kanawha County. After a hearing, the court entered an order on July 28, 2010, affirming the decision of the Grievance Board and denying the grievance of the petitioner. The circuit court found, as did the Grievance Board, that the Board violated statutory procedures in reducing its workforce. The circuit court order stated, *inter alia:*

> There is no question that the BOE [Board] violated W. Va.Code §§ 18A–4–8g(e) and (*l*), by allowing a less senior general maintenance employee to remain when implementing a reduction in force of all regular general maintenance positions. Further, the BOE [Board] did not make a timely effort to comply with W. Va.Code § 18A–4–8g(*l*), by deleting the general maintenance classification, the subject of the reduction in force, from the multi-classified employee who was retained at Laidley Field. Thus, the main issue is whether the Board erred in finding and concluding that Ms. Shanklin was not entitled to re-instatement (sic) because she was not the most senior employee RIF'd, and thus, even if the BOE [Board] had followed the proper procedure she would not have been retained. The Court is of the opinion that the Board's Decision on this point is not contrary to the law or clearly wrong in view of the evidence on the whole record.

---

**3.** The ALJ correctly dismissed the two arguments of the Board regarding why the employee with lesser seniority was retained. First, the Board argued that despite the classification, the employee retained was also an electrician, and the main job requirements at the location where this employee was housed were best filled by an electrician. Secondly, just days prior to the hearing before the ALJ and four months after the petitioner's grievance was filed, the retained employee agreed to the deletion of "general maintenance" from his classification.

**378**

The circuit court also affirmed the decision of the ALJ in regard to whether the Board had shown that there was a lack of need for employees within the general maintenance classification. The petitioner argued that the Board's intention was to fill the eliminated general maintenance positions with substitutes who were cheaper to employ and who did not accrue employment benefits. The circuit court found that the testimony of Mr. Hollandsworth supported the Board's contention that there was not a need for the eliminated positions, and that any substitutes employed by the Board were being utilized properly.

From this order affirming the decision of the Grievance Board the petitioner brought the present appeal.

## II.

### STANDARD OF REVIEW

■ This Court reviews decisions of the circuit court in grievance board proceedings as follows: "When reviewing the appeal of a public employees grievance, this Court reviews decisions of the circuit court under the same standard as that by which the circuit court reviews the decision of the administrative law judge." Syl. pt. 1, *Martin v. Barbour County Board of Education*, 228 W.Va. 238, 719 S.E.2d 406 (2011).

■ The standard by which the circuit court reviews the decision of the administrative law judge is deferential and plenary.

"Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo." Syl. pt. 1, *Cahill v. Mercer County Board of Education*, 208 W.Va. 177, 539 S.E.2d 437 (2000).

With these standards of review in mind, we now consider the issues raised by the petitioner before this Court.

## III.

### DISCUSSION

■ The first issue that must be addressed in this appeal is whether the petitioner should be reinstated to her previously held general maintenance position. In order for the petitioner to prevail on this claim and retain her job, she must establish, by a preponderance of the evidence, that she was the most senior general maintenance employee subjected to the reduction in force. *Lucion v. McDowell County Bd. of Educ.*, 191 W.Va. 399, 446 S.E.2d 487 (1994); *Berry v. Kanawha County Bd. of Educ.*, 191 W.Va. 422, 446 S.E.2d 510 (1994). We have held that the school boards must follow the statutory scheme in determining which employees to retain. "If a board of education decides to reduce the number of jobs for service personnel, the board must follow the reduction in force procedures of W. Va.Code, 18A–4–8b (1990)." Syllabus, *Berry, supra.*

This statute provides, in pertinent part, that:

(h) All decisions by county boards concerning reduction in work force of service personnel shall be made on the basis of seniority, as provided in this section.

(i) The seniority of a service person is determined on the basis of the length of time the employee has been employed by the county board within a particular job classification. For the purpose of establishing seniority for a preferred recall list as provided in this section, a service person who has been employed in one or more classifications retains the seniority accrued in each previous classification.

(j) If a county board is required to reduce the number of service personnel within a particular job classification, the following conditions apply:

(1) The employee with the least amount of seniority within that classification or grades of classification is properly released and employed in a different grade

of that classification if there is a job vacancy;

(2) If there is no job vacancy for employment within that classification or grades of classification, the service person is employed in any other job classification which he or she previously held with the county board if there is a vacancy and retains any seniority accrued in the job classification or grade of classification.

(k) After a reduction in force or transfer is approved, but prior to August 1, a county board in its sole and exclusive judgment may determine that the reason for any particular reduction in force or transfer no longer exists.

(1) If the board makes this determination, it shall rescind the reduction in force or transfer and notify the affected employee in writing of the right to be restored to his or her former position of employment.

(2) The affected employee shall notify the county board of his or her intent to return to the former position of employment within five days of being notified or lose the right to be restored to the former position.

(3) The county board may not rescind the reduction in force of an employee until all service personnel with more seniority in the classification category on the preferred recall list have been offered the opportunity for recall to regular employment as provided in this section.

(4) If there are insufficient vacant positions to permit reemployment of all more senior employees on the preferred recall list within the classification category of the service person who was subject to reduction in force, the position of the released service person shall be posted and filled in accordance with this section.

The issue before this Court as framed by the petitioner is whether one employee who was retained within the general maintenance classification after the reduction in force had less seniority than she did. The evidence in support of this contention, as noted by Ms. Shanklin, is largely uncontroverted. The re-

tained employee did not have as many years of service in the general maintenance classification as did the petitioner. However, the amount of seniority the petitioner possessed over the retained employee is of little moment in light of the statute determining the priority for employees subject to a reduction in force. What governs the propriety of the respondent's actions is the amount of seniority the petitioner had as compared to all general maintenance classified employees, not just among those who may have filed a grievance. In order to retain her position in general maintenance, the petitioner must show that she was the most senior employee subjected to a reduction in force, not merely the most senior of the employees who filed a grievance. If she is the most senior employee within that classification, she is entitled to the position.

■ Hence, the question is not whether the petitioner was the most senior employee in the classification of general maintenance as compared to the retained employee, but whether she had the most seniority of all employees whose positions were affected by the reduction in force. The circuit court and the ALJ both found that while the Board failed to follow the statutory requirements in reducing the number of the general maintenance employees by retaining a less senior employee, the petitioner was nonetheless not entitled to be restored to that position because she did not have the most seniority in that classification. Even if the Board had followed the statute in determining who was subject to the reduction in force, the petitioner would still not be the employee with the most seniority. We find no error in the reasoning, logic, findings of fact or conclusions of law of either the ALJ or the circuit court. We agree with the ALJ and the circuit court that the Board erred by retaining an employee with less seniority over the other General maintenance workers who were reduced in force.

■ The next issue is whether the petitioner showed that the Board's determination of a lack of need for the general maintenance positions was supported by the record. The ALJ and circuit court both concluded that

the Board had shown that there was a lack of need for the services of the workers in the general maintenance classification, and therefore, that the classification would be subject to a reduction in force. W. Va.Code § 18A-4-8b(j) authorizes the county school to reduce the number of employees within a particular classification based upon the lack of need for their services. Ms. Shanklin contended that the Board was planning to use substitute, not permanent employees, to fulfill the duties that general maintenance workers used to perform.

The petitioner argues that because her former duties are being performed by other personnel, there was not a showing of actual need for the reduction in force. The fact that other persons within the school system are performing these duties is not, however, proof that there was no need for the reduction in force. It is an economic reality that when faced with decreased funding, as the Board showed in this grievance proceeding, cuts have to be made in the number of personnel available to perform certain duties. That does not mean, however, that those job duties would not continue despite the absence of the employee to perform them. The day to day business of running of the schools continues with fewer employees. We therefore conclude that there was not a showing by the petitioner that the Board was attempting to circumvent the statutory requirements regarding reductions in force by eliminating her position where there was not a need, or by using substitutes in lieu of permanent employees.

## IV.

## CONCLUSION

For the foregoing reasons, we affirm the Circuit Court of Kanawha County's order of July 28, 2010, denying the petitioner's appeal from the decision of the ALJ which denied her grievance.

Affirmed.

Chief Justice WORKMAN disqualified.